### Ellen Nelson et al. v. Christina Nelson.

#### Gen. No. 12,494.

1. ADOPTION—*what will not justify setting aside decree of.* A court of equity is not justified in setting aside a decree of adoption entered by consent of the complainant merely because it appears that she gave such consent under the mistaken belief that she would not long survive.

Bill in equity to set aside decree of adoption. Appeal from the Circuit Court of Cook County; the Hon. JOHN L. HEALY, Judge, presiding.

Nelson v. Nelson.

Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded with directions. Opinion filed June 12, 1906.

**Statement by the Court.** At the January term, 1904, of the County Court of Cook County appellants, who are husband and wife, filed a petition for the adoption of Clara Edith Johnson, then three years of age and the daughter of appellee. The petition alleged that petitioners were residents of said county; that the mother of said child had been divorced from her husband Morris Johnson, restored to her former name of Christina Nelson and awarded the custody of said child; that she was then sick, "and her physicians say cannot long survive;" and that she consented to the adoption of her said child by petitioners. Upon the petition was indorsed the following consent in writing, signed by appellee:

"I hereby consent to the adoption of Clara Edith Johnson, my daughter, by said petitioners.

CHRISTINA NELSON."

Upon the filing of said petition an order of adoption in the usual form was entered by the County Court.

February 8, 1905, appellee filed her bill in the Circuit Court to set aside said order of adoption, upon the ground that when she gave her consent to the adoption of said child she believed that she would not survive her then illness and that she had recovered therefrom. Answer under oath was not waived and appellants under oath answered the bill. The bill as filed contains certain allegations of fraud which were by an amendment stricken out.

After replication the cause was heard upon the oral statements of the solicitors and the following decree entered: "This cause coming on to be heard upon the oral statements of the parties to the cause, it is hereby ordered, adjudged and decreed that the decree of the County Court be vacated and that the child, Clara Edith Nelson, be awarded to the custody of her mother, Christina Nelson, the complainant herein," and from that decree this appeal is prosecuted.

The solicitors attempted to agree upon the facts in open court, but it is not easy to determine from the record which

of the statements made in such attempt were agreed to, and which were controverted. That appellee was ill when she so consented to the adoption of her child; that she was in better health at the time of the hearing and was then working in a shoe factory, earning $8 per week, are among the facts agreed upon.

Appellee is a sister of appellant Ella Nelson and at and for some time before the adoption of the child of appellee by appellants, appellee and her child lived with appellants. Some time after the adoption of the child there was a disagreement between the sisters. Appellee left the home of appellants, demanded her child of appellants, and upon their refusal to give the child to her the bill was filed.

P. R. BOYLAN, for appellants.

ELLEN G. ROBERTS, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

If for the purposes of this case we assume that the order of adoption made by the County Court is to be regarded as a consent order, made upon the consent of appellants and appellee, and that it may be set aside by a court of equity upon any ground which would invalidate an agreement between appellants and appellee, we should still be compelled to hold that the Circuit Court was not authorized in this case to set aside the order of adoption made by the County Court.

To authorize a court of equity to grant relief upon the ground of mistake it must, *inter alia*, be shown, that the mistake be one concerning an existing fact and not a mistake as to something to happen or be done in the future, and the mistake must be as to an intrinsic fact essential to and involved in the contract or transaction as to which relief is sought, and not as to an extrinsic fact which might have influenced the action of the party seeking such relief if he had known it. The mistake of appellee, under the influence of which she gave her consent to the adoption of her child by appellants, was not a mistake as to an exist-

ing fact, but as to something to happen in the future. She believed that she would not live long, and she lived a year after giving such consent before she filed her bill and was able to work in a shoe factory at the time of the hearing.

Her mistake was not as to the writing that she signed; nor as to the contents of the petition upon which such writing was indorsed; nor as to the use intended to be made of such petition and of her consent in writing which she indorsed upon it; nor as to the nature of the order or decree that would be entered in the County Court upon the filing of such petition and consent. She intended to consent to the adoption of her child by the petitioners, and must be presumed to have known that upon the filing of such petition and consent an order or decree of adoption would be entered. It may be true that but for her mistaken belief that she would not live long, she would not have given such consent, but this, in our opinion, falls far short of constituting such a mistake as can authorize a court of chancery to vacate the order and decree of the County Court made and entered in a cause in which that court had jurisdiction over the parties and over the subject-matter.

No doubt a court of equity may, in the exercise of the parental power of the state, take a child away from its natural parents, or its parents by adoption, when the welfare of such child demands that it be done, but this is not a proceeding for that purpose, but a proceeding to set aside an order of adoption, and the order awarding the custody of the child to appellee was but a consequence of and dependent upon the decree vacating the order of adoption.

The decree of the Circuit Court will be reversed and the cause remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*