NORBUT *v.* I. STEPHENSON CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FUR-
   THER AWARD FOR MORE SERIOUS INJURIES THAN APPREHENDED.
   On certiorari to review a further award to an injured em-
   ployee on his petition for review of an award under the
   workmen's compensation act, the finding of the industrial
   accident board that plaintiff's injuries were more serious
   than had at first been apprehended, *held*, supported by the
   record.

2. SAME — LUMP SUM SETTLEMENT — COMMUTATION OF WEEKLY
   PAYMENT—REVIEW BY INDUSTRIAL ACCIDENT BOARD.
   Although an award to plaintiff of $1 a week for 154
   weeks was paid by a lump sum settlement under the
   provisions of 2 Comp. Laws 1915, § 5452, the board was
   not thereby precluded from reviewing said award under
   2 Comp. Laws 1915, § 5467, and awarding further com-
   pensation on a showing that plaintiff's injuries were more
   serious than had at first been apprehended, where said
   lump sum settlement amounted to no more than a com-
   mutation of deferred weekly payments under the second
   provision of said section 5452.

Certiorari to Industrial Accident Board.    Submitted
October 6, 1921.    (Docket No. 44.)    Decided Feb-
ruary 8, 1922.

John Norbut presented his claim for compensation
against the I. Stephenson Company for accidental in-
juries in defendant's employ.    From an order modi-
fying the terms of a lump sum settlement, defendant
and the Fidelity & Casualty Company of New York,
insurer, bring certiorari.    Affirmed.

*William Greene,* for appellants.

*Cady & Andrews,* for appellee.

On review of amount of award under workmen's compensation
act, see note in L. R. A. 1917D, 186.
     On payment of lump sum under workmen's compensation act,
see note in L. R. A. 1916A, 173.

CLARK, J.     Following plaintiff's injury in February, 1917, he was paid by the defendant insurer $6.09 per week until December 15, 1919, when a supplemental agreement in regard to compensation was filed and approved by the industrial accident board, by which plaintiff's compensation was fixed at $1 per week for 154 weeks.     Plaintiff filed a petition for a lump sum payment of the $154.     On such petition the following was indorsed by defendants:

"This is to certify that the respondents are not adverse to making payment of compensation in the form prayed for in the above petition."

After consideration the board, in accordance with section 5452, 2 Comp. Laws 1915, by its order, authorized defendants to pay the compensation in a lump sum.     It was paid and final settlement receipt was filed January 3, 1920.     In July, 1920, plaintiff petitioned for further compensation and for a review, and alleged that, with respect to the supplemental agreement and lump sum payment, he had been defrauded and that he had discovered that he was seriously and permanently injured.     Review was had.     The board said as to the supplemental agreement that it was unable to find cause why it should be set aside.     The board found plaintiff's injuries more serious than had at first been apprehended and awarded additional compensation and the facts supporting such finding and award are both sufficient and abundant.     But defendants, on certiorari, urge certain legal obstacles to the making of such award.

1. That the board may not review weekly payments as provided in section 5467, 2 Comp. Laws 1915:

"Any weekly payment under this act may be reviewed by the industrial accident board at the request of the employer, or the insurance company carrying such risks, or the commissioner of insurance as the case may be, or the employee; and on such review it

may be ended, diminished or increased, subject to the maximum and minimum amounts above provided, if the board finds that the facts warrant such action."

—because of the existing agreement for compensation approved by the board. This question has been determined adversely to defendants. See *Winn* v. *Adjustable Table Co.,* 193 Mich. 127; *Weidner* v. *Manufacturing Co.,* 205 Mich. 583.

2. That the board was without authority to review because of the lump sum payment and settlement. The section above mentioned (§ 5452) as to lump sum payments:

"Whenever any weekly payment has been continued for not less than six months, the liability therefor may be redeemed by the payment of a lump sum by agreement of the parties, subject to the approval of the industrial accident board, and said board may at any time direct in any case, if special circumstances be found which in its judgment require the same, that the deferred payments be commuted on the present worth thereof at five per cent. per annum to one or more lump sum payments, and that such payments shall be made by the employer or the insurance company carrying such risk, or commissioner of insurance, as the case may be."

There are two provisions of the section. The first is that after payment of compensation for not less than six months, liability for compensation may be redeemed by agreement of the parties and approval of the board and payment. Doubtless under this provision when the parties make a valid agreement for a lump sum payment in full for all compensation under the act, and such payment so agreed upon has been authorized by the board and the payment made, the stage of weekly payments and review thereof has been passed. The liability has been redeemed. The right to compensation has been terminated. See *McCarthy's Case,* 226 Mass. 444 (115 N. E. 764, 14 N. C. C. A.

355) ; L. R. A. 1916A, 172; *Wilcox v. Manufacturing Co.,* 199 Mich. 79.

But we cannot agree with counsel that this case falls within such first provision. Plaintiff's petition is under the second provision of the section and sets out the special circumstances requiring the judgment of the board. And defendant's indorsement upon the petition means nothing more than that the petition would not be opposed.

A direction by the board, required upon special circumstances found, under the second provision of the section, that deferred payments be commuted to one or more lump sum payments, presents no obstacle to a further review of weekly payments provided by said section 5467. See *McMullen* v. *Construction Co.,* 207 Mich. 586, where this subject is considered.

No other question merits discussion.

The award is affirmed.

FELLOWS, C. J., and WIEST, STONE, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.