PANOZZO v. FORD MOTOR CO.

1. MASTER AND SERVANT—REHEARING—CHANGED CONDITION.
  Department of labor and industry has no power to grant re-
  hearing of its determinations, but it may rehear and redeter-
  mine in case there has been change in injured person's con-
  dition due to accident involved.

2. SAME—EQUITY—FINAL SETTLEMENT.
  Court of equity may relieve against settlement of compensation
  award, petition to department for its approval, award based
  thereon, and final settlement receipt procured by fraud.

3. SAME—FRAUD.
  Decree setting aside final settlement of compensation award,
  petition to department for its approval, its order of approval
  based thereon, and final receipt, was proper, where employer's
  agent procured employee's signature by false representations.

Appeal from Gogebic; Driscoll (George O.), J.
Submitted June 10, 1931. (Docket No. 19, Calendar
No. 35,480.) Decided June 25, 1931.

Bill by Louis Panozzo against Ford Motor Com-
pany, a foreign corporation, to set aside a work-
men's compensation settlement receipt on the ground
of fraud. Decree for plaintiff. Defendant appeals.
Modified and remanded to department of labor and
industry.

*Baird & Rummel* and *Ray Derham,* for plaintiff.

*Edgar J. Matz,* for defendant.

POTTER, J. Plaintiff was injured while in the de-
fendant's employ by falling from a box car across

the rails of a railroad track. He was awarded compensation at the rate of $14 a week. Subsequently defendant's compensation manager made an agreement with plaintiff to pay him a lump sum in full settlement, based upon the allowance of compensation for the statutory period at $3.43 a week. Plaintiff signed at one time the settlement, petition for its approval, and final settlement receipt. The settlement was approved by the department of labor and industry. The lump sum was paid to plaintiff and his final receipt therefor filed and approved by the department. Plaintiff subsequently filed an application for further compensation, which application was denied because of a final settlement made, carried out, and approved. Plaintiff then filed the bill of complaint herein to set aside the settlement, award, and final receipt on the ground they were procured from him by and through the fraud of defendant's agent. From a decree for plaintiff, defendant appeals.

The department of labor and industry has no power to grant a rehearing of its determinations. *Martilla* v. *Quincy Mining Co.,* 221 Mich. 525 (30 A. L. R. 1249), but this does not prevent it in case there has been a change in the injured person's condition due to the accident, from rehearing and redetermining the matter, based upon the conditions before it due to such changed condition. *Richards* v. *Rogers Boiler & Burner Co.,* 252 Mich. 52.

A court of equity may relieve against a settlement, petition to the board for its approval, award based thereon, and a final settlement receipt procured by fraud. *Smith* v. *Port Huron Gas & Elec. Co.,* 217 Mich. 519 (21 N. C. C. A. 401); *Smith* v. *Port Huron Gas & Elec. Co.,* 222 Mich. 350; *American Life Ins. Co.* v. *Balmer,* 238 Mich. 580; *Luyk*

v. *Hertel*, 242 Mich. 445; *Richards* v. *Rogers Boiler & Burner Co., supra.* It is claimed plaintiff could not read or write English and understood this language imperfectly. Settlement was solicited by defendant's agent, who went to Iron Mountain to see the plaintiff. It was not solicited by plaintiff. The settlement was made when defendant's agent and plaintiff were alone together. All of the papers were procured to be signed at one time. Plaintiff did not consult his attorney. Part of plaintiff's compensation was to be paid in Italy, where he expected to go. The evidence fairly sustains the finding of the trial court that defendant's agent overreached plaintiff and procured from him his signature to papers he would not have signed but for the false representations of defendant's agent. This amounted to a fraud on plaintiff. The questions raised were largely questions of fact. We think these questions properly disposed of by the trial court, whose decree will be limited in its effect to setting aside the settlement, petition, order of the department of labor and industry based thereon, and final receipt, and remanding the case for reconsideration upon its merits before the department of labor and industry. Plaintiff will recover costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.