RIGHI *v.* ROBERT GAGE COAL CO.

MASTER AND SERVANT — JURISDICTION OF DEPARTMENT — FURTHER
    COMPENSATION—FRAUD—MISTAKE.
   Upon approval, on July 2, 1931, of settlement agreement deter-
      mining that employee lost sight of eye on May 6, 1930, de-
      partment of labor and industry lost jurisdiction to entertain
      his petition for additional compensation based on claim that
      he did not in fact lose sight of eye until May 14, 1931, although
      if fraud or mistake is claimed, agreement may be set aside in
      equity (2 Comp. Laws 1929, §§ 8312, 8426, 8444).

Appeal from Department of Labor and Industry.
Submitted June 14, 1934. (Docket No. 56, Calendar
No. 37,860.) Decided October 1, 1934.

Serafine Righi presented his claim against the
Robert Gage Coal Company, for accidental injury
sustained while in defendant's employ. On petition
for further compensation. Award to plaintiff. De-
fendant appeals. Reversed.

*Carl H. Smith,* for plaintiff.

*Donald W. Gilbert,* for defendant.

NELSON SHARPE, C. J. While working for the de-
fendant in one of its coal mines, on April 29, 1930,
the plaintiff sustained an injury to his left eye.
The defendant filed a report of compensable acci-
dent with the department of labor and industry on
June 14, 1930, and at the same time filed an agree-
ment with the plaintiff to pay him compensation at
the rate of $18 per week during the disability. This
agreement was approved by the department on
June 19th, following.

On May 14, 1931, the defendant filed a petition to stop compensation alleging therein that plaintiff had fully recovered from his injury. Plaintiff filed an answer thereto in which he stated that the injury had resulted in the loss of the sight of his left eye, and that he was "entitled to compensation at the maximum rate during the statutory period from the date established in the loss of the use of the said left eye," and prayed for an order for further compensation therefor.

On June 10, 1931, a supplemental agreement was entered into between them, in which it was stated that the sight of the left eye was lost as of May 6, 1930, and that compensation should be paid at the rate above stated during disability of 101 weeks from April 29, 1930. The agreement was filed in the department on June 11, 1931, and an order was entered approving it on July 2, 1931. On May 9, 1932, a receipt was filed showing compensation to have been paid to April 5, 1932.

On November 9, 1933, the plaintiff filed a petition for further compensation. He admitted therein that he had entered into the agreement above referred to and had been paid compensation pursuant thereto, but alleged "that no final settlement receipt was filed in said cause, nor was a final report of said accident ever filed with said department in said cause." He further alleged that he did not suffer the loss of the sight of his eye within the meaning of the workmen's compensation act until May 14, 1931, and that no determination that he had had been made within the meaning of 2 Comp. Laws 1929, § 8426, until May 14, 1931. He therefore claimed that he was entitled to compensation from April 29, 1930, until May 14, 1931, for total disability, and to further compensation of 100 weeks thereafter for partial disability resulting from the loss of

his eye. The defendant in its answer thereto set forth the agreement entered into and the payment made pursuant thereto and denied any further liability on account of such injury.

A hearing was had and proofs taken before a deputy commissioner, who found that the petition should be denied. A hearing on review thereof was held by the commission and the order of the deputy set aside and one entered granting plaintiff total disability from April 29, 1930, until November 10, 1930, "with compensation from November 11, 1930, in addition thereto for the specific loss of an eye of 100 weeks at $18 per week."

Section five of part three of the workmen's compensation law (2 Comp. Laws 1929, § 8444) reads as follows:

"If the employer, or the insurance company carrying such risk, or commissioner of insurance, as the case may be, and the injured employee reach an agreement in regard to compensation under this act, a memorandum of such agreement shall be filed with the industrial accident board, and, if approved by it, shall be deemed final and binding upon the parties thereto. Such agreements shall be approved by said board only when the terms conform to the provisions of this act."

The functions of the industrial accident board are now vested in the department of labor and industry (2 Comp. Laws 1929, § 8312).

The serious question presented is whether the department had jurisdiction to set aside the settlement agreement which it had approved and make the order appealed from. The agreement in all respects conformed to the provisions of the act. In *Estate of Beckwith* v. *Spooner*, 183 Mich. 323, 329 (Ann. Cas. 1916E, 886), it was said that such an agree-

ment when "filed with and approved by the board, is a substitute for, and, under the statute, the legal equivalent of, an arbitral award."

See, also, *Wilkes* v. *Railway Co.*, 234 Mich. 629. When fraud or mistake is claimed, it may be set aside in a suit in chancery. *Smith* v. *Port Huron Gas & Electric Co.*, 222 Mich. 350.

In *Southern Surety Co.* v. *Curtis*, 240 Mich. 566, the plaintiff first sought relief from a compensation agreement entered into between an employer, for whom it was acting as a surety, and an employee, before the commission and afterwards by a suit in court. This court said:

"Plaintiff's mistaken attempt to be relieved of the agreement by seeking a rehearing under the compensation act is not important. The commission was without authority in that regard. *Levanen* v. *Seneca Copper Corp.*, 227 Mich. 592; *Jones* v. *St. Joseph Iron Works*, 212 Mich. 174. The remedy is a bill in equity. *Smith* v. *Port Huron Gas & Electric Co.*, 217 Mich. 519 (21 N. C. C. A. 401)."

By its approval of the settlement agreement on July 2, 1931, the department determined that the plaintiff lost the sight of his eye on May 6, 1930, and was entitled to compensation therefor for 100 weeks thereafter, and it had no jurisdiction to entertain the petition of plaintiff for additional compensation based on his claim that he did not, in fact, lose the sight of his eye until May 14, 1931. *Burley* v. *Central Paper Co.*, 221 Mich. 595.

The award of the commission is reversed and set aside, and plaintiff's petition dismissed.

Potter, North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.