CATINA v. HUDSON MOTOR CAR CO.

1. WORKMEN'S COMPENSATION—NOTICE OF INJURY—CLAIM FOR COMPENSATION.
    Notice of injury and claim for compensation must be timely made in order to give the employer opportunity to make an investigation and examine the employee's claims during the period for which they are asserted, it being the spirit of the compensation act to afford speedy determination of questions that arise.

2. SAME—APPEAL AND ERROR—QUESTIONS REVIEWABLE—LACHES.
    Claim of laches, not raised before department of labor and industry but raised for first time on appeal to Supreme Court, may not be considered by latter even if meritorious.

3. SAME—LUMP SUM SETTLEMENT—CHANGE OF CONDITION.
    Commutation of deferred weekly payments of compensation to one or more lump sum payments under the second provision of 2 Comp. Laws 1929, § 8438, does not preclude further review of weekly payments upon a showing of change of condition (2 Comp. Laws 1929, § 8453).

4. SAME—PARTIAL DISABILITY—LUMP SUM SETTLEMENT.
    Order for lump sum payment of weekly compensation for partial disability for balance of 500-week period, made upon petition of employee stating special circumstances under which such settlement was desired *held,* payment of a lump sum under second provision of 2 Comp. Laws 1929, § 8438, notwithstanding petition was filed after expiration of six months following accident, hence review of further payments was not foreclosed.

5. SAME—LUMP SUM SETTLEMENT—PAYMENT.
    Payment in accordance with lump sum settlement approved pursuant to first provision of 2 Comp. Laws 1929, § 8438, redeems all future payments and discharges employer and his insurer from further liability.

6. SAME—TOTAL DISABILITY—LUMP SUM SETTLEMENT.
    Employee who is actually totally disabled at time of making lump sum settlement agreement for partial disability may not there-

after show such change of condition for the worse as to entitle him to further compensation notwithstanding he may suffer more physical pain and infirmity than before.

7. Same—Right to Compensation—Earning Capacity.
   The test of an injured employee's right to compensation is his inability by reason of the accident to work and earn wages in the employment at which he was engaged when injured.

8. Same—Lump Sum Settlement—Change of Condition.
   Burden of proof on employee to show change of condition subsequent to lump sum settlement as for partial disability in regard to his ability to work and earn wages in employment at which he was engaged when injured *held*, not sustained in his proceeding for further compensation.

9. Same—Lump Sum Settlement for Partial Disability—Total Disability—Appeal and Error—Fraud.
   Remedy of employee now claimed to have been totally disabled at time of lump sum settlement agreement for partial disability was to have appealed from order allowing it, or, if it was obtained by fraud, the agreement should be set aside in a court of equity, no relief being obtainable where present showing is the same disability as obtained at time of the settlement.

Appeal from Department of Labor and Industry. Submitted January 10, 1935. (Docket No. 43, Calendar No. 38,061.) Decided September 9, 1935. Rehearing denied October 30, 1935.

Sam Catina presented his claim for compensation against Hudson Motor Car Company, employer, and Michigan Mutual Liability Company, insurer, for injuries sustained while in defendant's employ. On petition for further compensation. From award to plaintiff, defendants appeal. Reversed.

*Sol A. Dann,* for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

Butzel, J. On October 22, 1926, plaintiff, Sam Catina, while working on a punch press for defend-

ant Hudson Motor Car Company, sustained severe injuries when struck by a jack weighing 150 pounds. Following the filing of a report with the department of labor and industry, an agreement was entered into between plaintiff and his employer's insurer, defendant Michigan Mutual Liability Company, providing for the payment of $14 a week compensation during total disability. On May 23, 1927, a supplemental agreement was entered into between plaintiff and the insurer, by which compensation was reduced to $3.83 per week "during partial disability" for the balance of the 500-week period. On the same date plaintiff filed a petition requesting that the department authorize a lump sum settlement of $1,800. The petition recited that plaintiff had originally been allowed the sum of $14 per week, and that there remained to be paid to him compensation at the rate of $3.83 per week for a period of 470 weeks; that his wife and family lived in Italy, where he was purchasing a home on contract, on which a balance of several hundred dollars was due, but had not been paid on account of his accident; that he was obliged to pay this balance within the next few weeks or lose his home; that since his accident he had incurred financial obligations in Detroit; that he wished to pay off all his debts and the balance due on his home, and with the remaining compensation return to Italy to reside there permanently and enter into some small business, the income from which would assure the future support of himself and family; that the return to his home and family was expected to result in an improvement in his physical condition. Defendant insurer certified on the petition that it was not averse to making payment of compensation in the form prayed for. On the 9th day of June, 1927, an order was entered authorizing

and directing the payment of the balance of the compensation due in a lump sum, the moneys to be expended under the supervision of the defendant insurer for the purpose prayed in plaintiff's petition. Plaintiff was to procure his passport to Italy, and defendant was directed to advance him sufficient funds to cover his transportation and incidental traveling expenses, the remainder to be paid to him in foreign exchange upon his arrival at his destination in Italy. Plaintiff thereupon left for Italy, where he spent two years at the seashore in an endeavor to recover his health. He returned to Detroit in the summer of 1929 and applied for a position with defendant motor car company, asking for light work, but was refused on the ground that the company did not re-employ men after the lapse of two years from the time of their injury. Plaintiff thereupon went to New York, and opened a small confectionery and soda water store in Brooklyn and, with the assistance of his wife, catered principally to the trade of school children. He met with financial reverses. In December, 1932, his wife died. Plaintiff had sold the store shortly before his wife's death, and subsequently, in the spring of 1933, he returned to Detroit.

In the early part of 1934, more than six and one-half years after the entry of the order for a lump sum settlement, and over four years after the alleged change in his condition occurred, plaintiff filed a petition for further compensation, to re-open the case and review the payments. The petition stated that plaintiff had been disabled in the employment in which he was engaged ever since the accident, and was entitled to further compensation at the rate of $14 per week for 500 weeks; that the supplemental agreement preceding the lump sum settlement was

obtained through fraud and misrepresentation to plaintiff; that the order based thereon was void and of no force and effect, for the reason that the department never inquired into the disability of plaintiff or the circumstances under which the supplemental agreement was entered into; that since the 24th day of June, 1927, plaintiff's disability had constantly become more apparent and progressive; that the accident occurred when a jack weighing approximately 150 pounds fell off a crane and landed on his head and neck; that he suffered a severe fracture of the skull, right arm, right shoulder, and vertebræ, and internal injuries; and that he was now permanently and totally disabled. The deputy commissioner allowed plaintiff compensation for total disability from the first day of December, 1929, at the rate of $10.38 per week, payments to continue until the further order of the department. Defendants applied for a review of claim before the department, contending that plaintiff had failed to show any change for the worse in his condition since the lump sum settlement was entered into, and that the matter was therefore *res judicata;* that plaintiff was not entitled to compensation for total disability; and that there was no basis for an award of $10.38 per week. The department affirmed the award of the deputy commissioner, and defendants have appealed therefrom.

Defendants contend that plaintiff's right is barred by his unreasonable and unexplained delay in making any claim for further compensation until over four years after the change in condition is alleged to have occurred. It is true that the spirit of the compensation act is to afford a speedy determination of questions that arise. Notice of injury and claim for compensation must be timely made, the

employer thus being given the opportunity to make an investigation and examine plaintiff's claims during the period for which they are asserted. However, inasmuch as the claim of laches was not raised before the department, but is made for the first time in this court, we may not consider it at the present time, even if there be any merit in defendants' contention.

It is further claimed that defendants' liability was redeemed by the lump sum settlement and payment, and that plaintiff is therefore not entitled to further compensation, regardless of change in his condition. This argument is answered by the case of *Norbut v. I. Stephenson Co.*, 217 Mich. 345, in which we held that a direction by the board that deferred payments be commuted to one or more lump sum payments, under the second provision of 2 Comp. Laws 1915, § 5452 (2 Comp. Laws 1929, § 8438), presents no obstacle to a further review of weekly payments upon a showing of change in condition.[*] The order for the lump sum settlement in the instant case was also made under this second provision. Had there been a contract for a lump sum settlement entered into by the parties and approved by the department, in accordance with the first provision of this section, and payment made accordingly, all payments would have been redeemed and defendants discharged from further liability.

We are, however, concerned with the question whether there had been such a change in plaintiff's disability as to entitle him to further compensation. If plaintiff was totally disabled from working at the time of the lump settlement in June, 1927, then he cannot show such change in condition as to entitle him to further compensation, notwithstanding the

---

[*] See 2 Comp. Laws 1929, § 8453.—Reporter.

fact that he may now be suffering more physical pain and infirmity than before. In *McKay* v. *Jackson & Tindle, Inc.*, 268 Mich. 452, an award had been made for partial disability in September, 1932. The following year plaintiff filed a petition claiming further compensation for total disability, and there was a showing that he had actually been totally disabled at the time of the prior hearing, at which the award was made for partial disability, but was now suffering more pain and was more crippled than before. On appeal by the employer from the award of the department granting further compensation, we stated:

"From the above testimony we must conclude that at the hearing held September 3, 1932, plaintiff was totally incapacitated from performing manual labor and that the only change in his condition is that he has become weaker and suffers more pain. As was said in *Levanen* v. *Seneca Copper Corp.*, 227 Mich. 592, 601:

" 'The test of an injured employee's right to compensation is his inability by reason of the accident to work and earn wages in the employment at which he was engaged when injured. If he was totally incapacitated when he filed his first petition, his condition in that respect could not change for the worse.'

"The failure of the plaintiff to appeal from the award made by the deputy commissioner September 3, 1932, when he (the plaintiff) was totally incapacitated from performing manual labor, now precludes him from recovering upon a subsequent petition showing the same disability."

See, also, *Levanen* v. *Seneca Copper Corp.*, 227 Mich. 592; *Runnels* v. *Allied Engineers, Inc.*, 270 Mich. 153.

The burden of proof is therefore on plaintiff to show a change in his condition subsequent to the lump sum settlement in June, 1927, in regard to his

ability to work and earn wages in the employment at which he was engaged when injured. Plaintiff testified that he has never been able to work since 1929, and four physicians called by him stated that he is now permanently disabled. As to the change in his condition, plaintiff himself testified that his condition became worse in the winter of 1929, and that he feels worse now than he did in 1927; that he slept better at that time and did not have the pains in his back and sacroiliac region which he has had since 1929; that the condition in his shoulder is worse than it was in 1927, and that his neck has been stiff since 1929; that his nerves were good in 1927, but went bad in 1929. There is also medical testimony to the effect that plaintiff now evidences more subjective complaints than he did in 1927.

However, while there is ample testimony to support a finding that plaintiff's physical condition is worse than it was at the time the lump sum settlement was made, there is no showing that his disability to work is any greater. The record shows that plaintiff applied for a lump sum settlement in 1927 so that he could return to Italy to permanently reside there and open a small store; that he was apparently unable to do any work at that time in the employment in which he was engaged when injured, and that his return to his home and family was expected to result in an improvement of his condition. Plaintiff testified that the doctors told him in the last summer of his stay in Italy, about two years after the lump sum settlement, that he was all right and would have to get strong and "start to working again." Upon his return to America in 1929, he began to feel worse in the winter of that year, and in December he opened a small store "because I did not feel so good to work"—

the very position in which he had found himself in 1927, the date of the lump sum settlement. As a matter of fact, plaintiff has actually done no work at all since the time of the accident. It is thus apparent that it has not been shown that plaintiff's present disability to work is any different than it was in June, 1927, when he received his lump sum settlement and payment, and he has not sustained the burden of proving such a change of condition as to entitle him to further compensation. Plaintiff himself alleges in his petition for further compensation, filed in 1934, that "since December 31, 1926, he has been disabled in the employment in which he was engaged at the time of the said injury." He further alleges that the supplemental agreement, reducing his compensation to payment for partial disability, was obtained through fraud, and that the order based thereon was void because the department never inquired into his disability. If plaintiff was totally disabled at the time of the supplemental agreement and lump sum settlement in 1927, which were based on partial disability, he should have appealed therefrom, or if the settlement was obtained from him through fraud, he should have had it set aside in a court of equity. He cannot now recover additional compensation upon a subsequent petition showing the same disability.

The order of the department is therefore vacated.

NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with BUTZEL, J. POTTER, C. J., concurred in the result.