BAUGHMAN *v.* GRAND TRUNK WESTERN RAILROAD CO.

1. Workmen's Compensation—Fraud—Remedy—Equity.

Contract for compensation, approved by department of labor and industry, may not be impeached for fraud in a collateral proceeding nor set aside by the department, a direct proceeding in equity being the proper remedy.

2. Same—Rehearings.

Department of labor and industry may not grant or hold a rehearing on a claim under the workmen's compensation act.

3. Same—Common Law—Rights—Remedies.

Since the workmen's compensation act is a statutory departure from the common law, rights, remedies and procedure thereunder are such and such only as the statute provides (2 Comp. Laws 1929, § 8407 *et seq.*).

4. Same—Mistake—Payments—Rehearing.

Department of labor and industry after making award of compensation *held*, without jurisdiction thereafter to permit employer to apply payments, theretofore made to employee under mutually mistaken belief case was governed by Federal employers' liability act, toward satisfaction of award since to do so would result in a modification of it and in effect would be a rehearing upon same subject matter (45 USCA, § 51 *et seq.*).

Appeal from Department of Labor and Industry. Submitted June 3, 1936. (Docket No. 40, Calendar No. 38,908.) Decided September 2, 1936.

Chester H. Baughman presented his claim for compensation against Grand Trunk Western Railroad Company for compensable injuries sustained while in its employ. On defendant's petition to apply payments made by mistake before entry of award to plaintiff. Petition denied. Defendant appeals. Affirmed.

*William C. Brown,* for plaintiff.

*H. V. Spike* and *William W. Macpherson,* for defendant.

SHARPE, J.   Plaintiff sustained a compensable injury September 23, 1926, while in the employ of the defendant railway company. A settlement was arrived at between the parties and on April 5, 1927, defendant railway company had paid plaintiff $326.67. These payments were made under the mistaken theory that the facts were covered by the Federal employers' liability act (45 USCA, § 51 *et seq.*).

Plaintiff filed a petition for compensation with the department of labor and industry and on August 2, 1934, the department granted plaintiff an award of $14 per week as of September 24, 1926, for total disability. This award was affirmed by our court in *Baughman* v. *Railroad Co.,* 271 Mich. 244. The present action is a proceeding under the compensation act for an order requiring plaintiff to credit the defendant with $326.67 which was paid plaintiff when both parties were under the impression that the cause came within the jurisdiction of the Federal employers' liability act.    The department held against defendant railway company.

Defendant contends that the department has sufficient powers to order plaintiff to apply the payments made under the mutual mistake on the award afterward made, while plaintiff contends that to allow defendant's claim amounts to a rehearing of a matter which has been determined previously by the department and sustained on appeal to this court.

In *Smith* v. *Port Huron Gas & Electric Co.,* 217 Mich. 519 (21 N. C. C. A. 401), we held that a contract for compensation, approved by the department of

labor and industry may not be impeached for fraud in a collateral proceeding, but may be impeached in a direct proceeding in equity; and in *Southern Surety Co.* v. *Curtis,* 240 Mich. 566, we held that the department of labor and industry is without authority to set aside an agreement for compensation to an injured employee induced by fraud, a suit in equity being the proper remedy.

Nor may the department grant or hold a rehearing on a claim under the workmen's compensation act, *Anderson* v. *Ford Motor Co.,* 232 Mich. 500.

In *Luyk* v. *Hertel,* 242 Mich. 445, we said:

"The workmen's compensation law is a departure, by statute, from the common law, and its procedure provisions speak all intended upon the subject. Rights, remedies, and procedure thereunder are such and such only as the statute provides."

From the facts as shown in the case at bar there are no provisions in the statute that permit the granting of the relief prayed for by the defendant railway company; to do so would result in modifying the award and this in effect would be a rehearing upon the same subject matter. This we may not do.

The award is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and TOY, JJ., concurred. POTTER, J., did not sit.