Burnetta Lambert, Appellant, v. Remington Rand, Inc., Appellee.

Gen. No. 9,578.

Opinion filed March 12, 1948.   Rehearing denied May 4, 1948.   Released for publication May 5, 1948.

F. R. WILEY and C. C. MARTIN, both of Decatur, for appellant.

VAIL, MILLS & ARMSTRONG, of Decatur, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.
The trial court, on motion of defendant appellee, Remington Rand, Inc., ordered that the amended complaint in equity filed by plaintiff appellant, Burnetta Lambert, be dismissed. The plaintiff elected to stand by such complaint and the court then dismissed the suit. The plaintiff appeals.

The motion to dismiss, in effect, admitted the following alleged facts: (1) On November 19, 1943, while an employee of defendant, plaintiff received injuries which arose out of and in the course of her employment. (2) On the morning of June 12, 1944, a written settlement contract was entered into between plaintiff and defendant which stated that defendant agreed to pay and plaintiff agreed to accept $750 "in a lump sum without commutation upon approval of this settlement contract by the Industrial Commission; the same to be paid in full and complete settlement of all claims arising under the Compensation Act, including a waiver of both parties' right to review said settlement under any provision of the Workmen's Compensation Law, which waiver both parties respectfully request the Industrial Commission to approve . . . . ." (3) Thereafter and on the same day such settlement contract was taken by plaintiff and an agent of defendant to Springfield and there filed with the Industrial Commission, and a member of such commission then stamped it approved. (4) Immediately upon such contract being so approved the plaintiff signed and there was filed with the commission a petition which prayed "That a lump sum order may be entered by the commission." The petition stated that "the parties desiring to enter into a lump sum settlement with the approval of the Industrial Commission so as to make a final settlement and satisfaction of their respective rights and liabilities under the Workmen's Compensation Law. . . . Petitioner . . . prays that proper notice may be given to the interested parties and that a hearing may be had at some day to be fixed by your honorable commission, and that upon such hearing said commission may order the commutation of the compensation to an equivalent lump sum equal to the total sum of the probable future payments in accordance with the provisions of the Workmen's Compensation Act." Such petition also stated: "Nature of injury—X-rays of the spine show a rounded dorsal

kyphosis with wedging of the body of the fifth dorsal vertebra. . . . Applicant has not attempted to do any work since injury but arrangements are being made for her to return to work now. . . . Respondent has paid $122.24 as compensation for eight weeks of disability at the rate of $15.28 per week. Both parties are satisfied with the terms of said settlement and consider settlement fair, just and equitable. This claim involves the type of injury where in the opinion of all parties concerned a settlement of the entire case is desirable and will have a tendency to bring about an early return to work. . . ." At the bottom of the petition was a statement signed by defendant indicating its willingness to pay such compensation if "so ordered" by the commission. (5) On June 26, 1944, an order was entered by the commission which read: "Petition for a lump sum settlement under the provisions of Section 9 of the Workmen's Compensation Act having been filed herein on the 12th day of June, 1944, and said matter now coming on to be heard upon proper notice to the interested parties, and a proper showing having been made it appears to the commission for the best interest of the parties that compensation be paid in a lump sum. It is therefore ordered by the commission that the compensation paid in a lump sum of $750 as prayed in said petition, in accordance with the provision of Section 9 of the Workmen's Compensation Act." (6) From June 12, 1944, up to and including July 27, 1945, plaintiff's disability greatly increased and on July 27, 1945, plaintiff filed with the commission her petition under section 19 (h) of the Act for a review of the settlement contract of June 12, 1944, on the ground that her disability had greatly increased. (7) On May 20, 1946, on motion of defendant the commission ordered that such last petition be dismissed for lack of jurisdiction.

The complaint filed herein asked for general relief, and particularly asked that the commission's order of June 26, 1944, be declared null and void, that it be held

and decreed that the commission was without power to enter such order, and that such order is not a bar to any proceeding by either party under section 19 (h) of the Act for a review of the settlement by the commission, and that the court relegate the matter of the review to the commission with directions that the commission take steps to review such agreement.

Counsel for appellant say in their brief they are not questioning the validity of the settlement contract. They do, however, contend that the lump sum payment order of June 26, 1944, was ''void because beyond the power of the Industrial Commission to make.'' In making such contention they say that the commission was without jurisdiction to allow a lump sum payment in the absence of any future periodical payments, and had no power to commute past due payments, and that it is only after compensation has been allowed, based on periodic payments, that the commission may commute such payments into a lump sum.

The material sections of the Workmen's Compensation Act, ch. 48, Ill. Rev. Stat. 1947, pars. 145, 146, 156, 160 [Jones Ill. Stats. Ann. 143.23, 143.24, 143.34, 143.38], read as follows:

Sec. 8. ''The amount of compensation which shall be paid to the employee for an injury not resulting in death shall be: . . . .''

Sec. 9. ''Any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition the commission, asking that such compensation be so paid, and if, upon proper notice to the interested parties and a proper showing made before such commission or any member thereof, it appears to the best interest of the parties that such compensation be so paid, the commission may order the commutation of the compensation to an equivalent lump sum, which commutation shall be an amount which will equal the total sum of the probable future payments capitalized at their pre-

sent value upon the basis of interest calculated at three per centum per annum with annual rests. Provided, that in cases indicating complete disability no petition for a commutation to a lump sum basis shall be entertained by the commission until after the expiration of six months from the date of the injury . . . ."

Sec. 19 (h). "An agreement or award under this Act providing for compensation in installments, may at any time within eighteen months after such agreement or award be reviewed by the industrial commission at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended; and on such review compensation payments may be re-established, increased, diminished or ended: . . . Provided, further, that when compensation which is payable in accordance with an award or settlement contract approved by the industrial commission, is ordered paid in a lump sum by the commission, no review shall be had as in this paragraph mentioned."

Sec. 23. "No employee . . . shall have power to waive any of the provisions of this act in regard to the amount of compensation which may be payable to such employee, . . . except after approval by the Industrial Commission."

The particular point does not appear to have been raised or directly passed upon in any Illinois case. However, in *Michelson v. Industrial Commission,* 375 Ill. 462, the commission approved a lump sum settlement which provided for the payment of $200. The employee in that case signed the petition on February 9 and on that day appeared before a member of the commission with a representative of the employer and presented the petition. A hearing was had on that date before such member of the commission and the lump sum settlement was then approved. On February 16 the formal order of approval was filed. On Feb-

ruary 15 the employee filed with the commission a petition praying that the settlement agreement and approval be vacated and set aside on the ground of fraud. On November 15, 1930, the commission set aside the order approving the lump sum settlement. This was affirmed by the circuit court. The Supreme Court reversed the circuit court, and in doing so said it was the clear intent of section 19 (h) that once a lump sum settlement is approved by the commission it is not subject to review for recurrence, increase or for diminishing or ending of the disability. The only difference so far as it relates to this phase of the case between the *Michelson* case and the case at bar is that the amount of the settlement in the *Michelson* case was $200 and in the present case $750.

It is our opinion that said section 9, considered in connection with the other sections of the statute above quoted, authorized the commission to enter the order of June 26, 1944, and that such order was not "void because beyond the power of the Industrial Commission to make."

Plaintiff contends that no notice was given and there was no "proper showing" and finding of the commission that it was to the best interest of the parties that compensation be paid in a lump sum. Plaintiff admits that the contrary is recited in the order of the commission, but states that those are only conclusions and that there should have been a recital of the facts to support such conclusions. We believe the alleged lack of notice complained of is without merit. The only interested parties were the plaintiff and defendant and both were present when the contract for a lump sum settlement was approved by a member of the commission and when the petition for approval was filed, and the plaintiff in her petition asked the commission to do just what the commission did. We do not consider that she can now well complain about any alleged lack of notice inasmuch as the commission did what she asked it to do.

■ Plaintiff contends that both parties in entering into the settlement contract and later proceedings were under a mutual mistake of fact as to the nature and extent of plaintiff's injuries, about the prospects of her recovery and ability to return to work, and as to her future earning ability as compared to that of the past. All of these so-called "facts" referred to the future, and the true situation as to all of these matters could not then be ascertained. In 30 C.J.S. p. 375, it is said: "The mistake against which equity will relieve must be one as to the present or past existence of a fact . . . ." (See *Nelson v. Nelson*, 127 Ill. App. 422.)

The next contention of plaintiff is that the defendant's fraud in procuring the plaintiff to sign the lump sum settlement petition vitiated the order of June 26, 1944, and that because of such fraud she is entitled to relief.

In the *Michelson* case, *supra,* the court held that where such an order is entered by the commission the commission has no power to later set aside such an order because of fraud in the obtaining of the same, and said that such an employee in such a case "is relegated to a court of equity for relief under a charge of fraud."

■ The motion to dismiss in the present case, in effect, also admitted the following alleged facts: Between June 1 and June 12, 1944, an agent of the defendant sought out the plaintiff and asked her to settle her claim, and said to her that she would soon be able to go back to work, that the settlement would not be a final one, and that she must either take the $750 offered by defendant or defendant would do nothing; that such statements were falsely and fraudulently made by the defendant with the intent that plaintiff should act upon them; that plaintiff believed said statements to be true and relied on them, and being induced thereby did sign the settlement contract on June 12, 1944, which contract the defendant had previously pre-

pared on a blank form furnished by the commission; that plaintiff had had a limited education and had no previous experience with or knowledge of the Compensation Act or her rights thereunder and had consulted no attorney; that plaintiff had no knowledge and did not know that under the provisions of section 19 (h) employees were given the right to a review in the event of an increase of employee's disabilities if such right were applied for within 18 months; that at the time she signed said settlement contract she was suffering from her injuries and suffering in mind because her only means of livelihood were her earnings through physical labor; that at no time was she consulted with reference to the terms and provisions of said contract, but all of the provisions therein were inserted by defendant's agent; that upon signing said settlement contract such agent then told her that before defendant would pay her the $750 it would be necessary for her to go to Springfield, about forty miles distant, to have the settlement approved; that on such date such agent took her in his automobile to Springfield where a member of the commission then stamped the settlement contract approved; that immediately upon said contract being so approved such agent presented plaintiff with such petition for settlement; that said petition had been previously prepared by such agent without the consent or knowledge of the plaintiff; that such agent then told her that it was necessary that she sign such petition in order that the defendant pay her the $750 without delay, and made such statement to her with the intent she believe and rely on it, and she did so believe and rely, and did have trust and confidence in the defendant that as her agent in preparing such petition the defendant would treat her with honesty and fairness; that thereafter defendant's agent presented such petition to the commission, purporting to do so on behalf of the plaintiff, for its approval; that plaintiff never received any notice of any hearing on

such petition from the commission or that the matter had been set for hearing, and she did not attend any hearing before the commission or any member thereof at any time, that on June 26, 1944, the commission, without having given any notice and without holding any hearing pursuant to any notice, allowed said petition; that at the time of entering into said settlement contract plaintiff and defendant both erroneously believed that plaintiff had about recovered from her injuries and was able to return to work; that in fact she had not recovered from her injuries and has never recovered therefrom, but her disability from such injuries has increased and she has never been able to return to her employment or to do any manual labor since receiving said injury; and that such settlement was entered into under a mutual mistake of fact.

In *McCastle v. Architectural Stone Co.*, 4 So. (2d) 120 (a decision by the Louisiana Court of Appeals) the court said: ''While section 17 of the Compensation Law contemplates the settlement of disputes between employer and employee by compromise, yet where the employee is not represented by separate counsel and all the proceedings are carried on by the attorney for the employer or its insurance carrier, the settlement will be carefully scrutinized to ascertain if the employee was laboring under any mistake of facts or error as to his legal rights arising from a failure to disclose to him all the facts in possession of the employer or its agent, or any representations, whether purposely or innocently made, which might have misled him into accepting an amount much less than he would have been willing to accept had a full disclosure been made to him.'' We consider this language particularly applicable to the admitted facts on the question of fraud.

It is our opinion that the admitted facts make a prima facie case of fraud and that a hearing should be had on such question.

186

Therefore the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded with directions.*