SOLO v CHRYSLER CORPORATION

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—REDEMPTION ORDER—FINAL DETERMI-
   NATION—ACCEPTANCE OF AWARD—ALLEGATIONS OF FRAUD—JU-
   DICIAL RELIEF.

   The workmen's compensation rule that a redemption order is a
   final determination and an award made and accepted cannot be
   disturbed except upon a showing that it was procured by fraud
   describes too narrowly the available judicial relief from a final
   redemption order.

2. WORKMEN'S COMPENSATION—REDEMPTION AGREEMENT—CHANGE OF
   PHYSICAL CONDITION—EQUITY—EQUITABLE RELIEF.

   An approved redemption agreement, unlike an approved lump
   sum settlement agreement, is not subject to reopening by the
   workmen's compensation bureau upon a showing of change in a
   claimant's physical condition; however, relief from a redemp-
   tion agreement is available in equity.

3. WORKMEN'S COMPENSATION—REDEMPTION AGREEMENT—PROOF OF
   FRAUD—IMPROPER REQUIREMENT.

   It is improper to require proof of fraud in the procurement of a
   workmen's compensation redemption agreement before grant-
   ing any relief from such agreement.

4. WORKMEN'S COMPENSATION—EQUITY—REDEMPTION ORDER—EQUITY
   JURISDICTION—MERITORIOUS CLAIM—FALSE MEDICAL INFORMA-
   TION—RELIANCE.

   A court exercising equity jurisdiction may set aside a workmen's
   compensation redemption order where the claimant has a
   meritorious claim for greater compensation than he has re-
   ceived and where in entering into the redemption agreement
   the claimant relied upon false representations, even though

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 82 Am Jur 2d, Workmen's Compensation § 588 *et seq.*

Matters concluded, in action at law to recover for the same injury,
by decision or finding made in workmen's compensation proceed-
ing. 84 ALR2d 1036.

made in good faith, concerning his medical condition by his employer's doctor.

5. Workmen's Compensation—Redemption Order—Final Determination—Acceptance of Award—Allegations of Fraud.

*A redemption order in a workmen's compensation proceeding is a final determination and an award made and accepted may not be disturbed except upon a showing that it was procured by fraud.*

Appeal from Wayne, John D. O'Hair, J. Submitted December 13, 1976, at Detroit. (Docket No. 25558.) Decided June 6, 1977. Rehearing granted July 15, 1977.

Claim by Josephine Solo against Chrysler Corporation for workmen's compensation benefits. The claim was dismissed because the employer liability had been previously redeemed and a redemption order had been previously entered by the workmen's compensation bureau. Plaintiff then brought an action in circuit court to set aside the redemption agreement. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*James D. Jackson,* for plaintiff.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *Thomas G. Kienbaum),* for defendant.

Before: T. M. Burns, P. J., and M. J. Kelly and D. F. Walsh, JJ.

T. M. Burns, P. J. On February 18, 1969, while in the course of her employment with the defendant, plaintiff fell on a concrete floor after slipping in a pool of oil. On June 9, 1970, the parties to this action entered into an "Agreement to Redeem Liability" under which, in exchange for $10,500,

plaintiff waived any right to medical benefits and weekly payments under the Workmen's Compensation Act arising from the accident. A hearing was held before a workmen's compensation referee on June 15, 1970, and a redemption order was entered.

On November 1, 1971, plaintiff filed a claim for benefits in the workmen's compensation bureau seeking benefits for the February 18, 1969, accident. The referee dismissed the claim with prejudice, finding that defendant's liability had been redeemed. The appeal board affirmed.

On August 31, 1973, plaintiff filed this action to set aside the redemption order. Plaintiff alleged that the February 18, 1969, fall resulted in severe pain in the back, shoulders and buttocks. She was examined by several doctors at defendant's direction. All the doctors diagnosed plaintiff's medical problems as minimal, so plaintiff attempted to return to work but found the pain unbearable. Plaintiff was again examined and her symptoms were said to be due to either a sprain, bursitis or a psychosis. Believing that she had no real physical illness, plaintiff settled with defendant for $10,500. After she signed the redemption agreement plaintiff discovered that she had a herniated disc and a fractured coccyx. Plaintiff's pain was not "in her head" but in fact was caused by bone spurs compressing nerve roots in the spine.

Plaintiff alleged that there was a mutual mistake regarding the nature of her injuries due to the erroneous diagnoses of the physicians to which she was sent. Plaintiff thus sought to have the redemption agreement nullified as being unfair and based upon a good faith mistake on the part of both parties.

Defendant moved for and was granted summary

judgment. The trial court ruled that a redemption order issued by the workmen's compensation bureau is a final determination that cannot be vacated by a court exercising equity jurisdiction unless the order is shown to have been fraudulently procured. Plaintiff appeals.

In granting summary judgment for the defendant, the trial court relied upon the rule set out in *Johnston's Administrator v United Airlines,* 23 Mich App 279, 285; 178 NW2d 536 (1970):

"A redemption order is a final determination and an award made and accepted cannot be disturbed except upon a showing that it was procured by fraud. *Panozzo v Ford Motor Co.* (1931), 255 Mich 149 [237 NW 369]; *Catina v Hudson Motor Car Co.* (1935), 272 Mich 377 [262 NW 266]."

We find that this rule describes too narrowly the available judicial relief from a final redemption order.

An approved redemption agreement, unlike an approved lump sum settlement agreement, is not subject to reopening by the workmen's compensation bureau upon a showing of change in the claimant's physical condition. *Norbut v I Stephenson Co,* 217 Mich 345, 347; 186 NW 716 (1922). Relief from a redemption agreement is available, however, in equity. *Panozzo v Ford Motor Co,* 255 Mich 149; 237 NW 369 (1931). In *Panozzo* the claimant sought to have a compensation settlement order set aside, claiming that it was procured by fraud. The Court followed the rule that a court of equity may grant such relief from a final settlement receipt which was procured by fraud. The Court did not say that such relief was available only when fraud is shown. Nor do the cases

cited in *Panozzo* limit relief from settlement or redemption orders to actions in which fraud was alleged and proven. In *Smith v Port Huron Gas & Electric Co,* 217 Mich 519; 187 NW 292 (1922), and *American Life Insurance Co v Balmer,* 238 Mich 580; 214 NW 208 (1927), the Court compared workmen's compensation awards to awards of arbitrators, stating that they were res judicata and could be attacked only in equity where the applicable claim of fraud, accident or mistake could be made. See *Palmer v. Patron's Mutual Fire Insurance Co of Michigan,* 217 Mich 292; 186 NW 511 (1922). In cases decided since *Panozzo* the Supreme Court has recognized the possibility of impeaching in a court of equity a compensation agreement entered into by mistake. *Righi v Robert Gage Coal Co,* 269 Mich 46; 256 NW 617 (1934), *Hughson v Kalamazoo,* 271 Mich 36; 260 NW 111 (1935), *Baughman v Grand Trunk W R Co,* 277 Mich 70; 268 NW 815 (1936).[1] In *Avery v Eddy Paper Corp,* 295 Mich 277; 294 NW 679 (1940), for example, the Supreme Court affirmed a circuit court order setting aside a final settlement receipt where a doctor made misstatements (not necessarily fraudulent) to the claimant concerning the extent of his injury.

It has been recognized in other jurisdictions that relief from a compensation settlement is available where shown to have been procured by or based upon a mutual mistake of a material fact. *Maryland Casualty Co v McWilliams,* 175 F2d 475 (CA 5, 1949), *Hansen's Case,* 350 Mass 178; 213 NE2d 869 (1966), *Morgan v Duncan,* 361 Mo 683; 236 SW2d 281 (1951), *Herrera v C & R Paving Co,* 73

---

[1] *Compare, Denton v Utley,* 350 Mich 332; 86 NW2d 537 (1957): mistake on part of plaintiff as to extent of his injuries may justify setting aside release of tortfeasor. *See Hall v Strom Construction Co,* 368 Mich 253; 118 NW2d 281 (1962).

NM 237; 387 P2d 339 (1963), *Clark v Gastonia Ice Cream Co,* 261 NC 234; 134 SE2d 354 (1964).[2]

Little justification can be found for limiting the power of a court to set aside a redemption order to cases of fraud. The injustice such a rule can permit, on the other hand, is demonstrated in the case at bar. Although the plaintiff has alleged that the redemption agreement was based on completely erroneous diagnoses and that she is suffering from a much more serious disability then previously believed, she has had no opportunity to prove her allegations in any manner. To require proof of fraud in the procurement of the redemption agreement before any relief will be granted is improper. The argument is well-stated in 3 Larson, Workmen's Compensation Law, § 81.52:

"In view of the practical protective function of workmen's compensation, the desirability of preserving a right to reopen for genuine mistake seems too self-evident for argument. In the nature of things, there are bound to be many occasions when even the most thorough and skillful diagnosis misses some hidden compensable condition. Should the claimant then be penalized because of an erroneous disposition, either by award or settlement, when the only fault lies in the imperfections of medical science?"

We hold that a court exercising equity jurisdiction may set aside a workmen's compensation redemption order where the claimant has a meritorious claim for greater compensation than he has received and where in entering into the redemption agreement the claimant relied upon false representations (even though made in good faith) concerning his medical condition made by

[2] *But see, Lambert v Remington Rand, Inc,* 334 Ill App 176; 78 NE2d 852 (1948), *Griffin v Coal Operators Casualty Co,* 84 So 2d 481 (La App, 1955).

the employer's doctor. See *Alvarez v Employer's Fire Insurance Co,* 531 SW2d 218 (Tex Civ App, 1976).

The order of the trial court granting summary judgment for the defendant is reversed. This cause is remanded to the trial court for further proceedings.

D. F. WALSH, J., concurred.

M. J. KELLY, J. *(dissenting).* After the parties to this action entered into the "Agreement to Redeem Liability" on June 9, 1970, a hearing was held on June 15, 1970, before a referee at which testimony was taken on a record. The agreement was subject to the approval of the referee, MCLA 418.835; MSA 17.237(835), and once approved, the order of the referee became final since no review was ordered or requested within 15 days, MCLA 418.837; MSA 17.237(837). On November 1, 1971, plaintiff filed a claim for benefits in the workmen's compensation bureau presumably after discovering the true extent of her injuries. The referee dismissed the claim on the ground that the injuries alleged in plaintiff's petition were redeemed by the prior agreement. The appeal board affirmed. It held that the 15-day appeal period had run, that the order approving the agreement had become final and that payment had been made according to the agreement. The appeal board concluded:

"If plaintiff was the victim of fraud as alleged then her remedy lies in a Court of equity vested with judicial power to grant the relief she seeks. The referee properly dismissed the application filed with the Bureau of Workmen's Compensation for want of jurisdiction."

It seems to me that plaintiff's complaint in

essence charges negligence on the part of the examining and treating physicians. Plaintiff's own attorney had expressed some reservation about the medical management and had arranged for plaintiff to be seen and examined by expert medical specialists of good reputation and of his own choosing. If the medical information was incomplete or inaccurate it must be considered to be a hazard of the redemption proceeding. There is absolutely no doubt from a reading of the record, the plaintiff's complaint and the briefs of the parties that no allegation of fraud is made or inferable. I would hold that the trial court correctly relied on *Johnston's Administrator v United Airlines,* 23 Mich App 279, 285; 178 NW2d 536 (1970), and properly granted defendant summary judgment.

I would prefer that the law in this area were otherwise. Redemption settlements are very often a gamble and if the odds are tipped against the parties by false medical information there ought to be a remedy. It is my belief that a remedy should be fashioned in the workmen's compensation bureau and not in the courts. The administrative law judges and the appeal board are better suited to work out conflicting claims as to whether a worker's disability has worsened, a hazard which is assumed in a redemption settlement, or, if the parties were led astray by inaccurate, incomplete, misleading or even false medical information. Minnesota appears to provide statutory machinery for setting aside a redemption agreement for cause. See *Mattson v Abate,* 279 Minn 287; 156 NW2d 738 (1968). I would recommend that the Legislature consider granting the bureau statutory authority to set aside a redemption agreement for cause under circumstances such as those framed by plaintiff's complaint.

I would affirm.