SOLO v CHRYSLER CORPORATION (ON REHEARING)

Opinion of the Court

1. Workmen's Compensation—Redemption Order—Final Determination—Fraud.

A redemption order in a workmen's compensation proceeding is a final determination and an award made and accepted may not be disturbed except upon a showing that it was procured by fraud.

Dissent by T. M. Burns, P. J.

2. Workmen's Compensation—Equity—Jurisdiction—Redemption Order—Meritorious Claim—False Medical Information—Reliance.

A court exercising equity jurisdiction may set aside a workmen's compensation redemption order where the claimant has a meritorious claim for greater compensation than he has received, and where in entering into the redemption agreement the claimant relied upon false representations, even though made in good faith, concerning his medical condition by his employer's doctor.

Appeal from Wayne, John D. O'Hair, J. Submitted December 13, 1976, at Detroit. (Docket No. 25558.) Decided August 9, 1977.

Claim by Josephine Solo against Chrysler Corporation for workmen's compensation benefits. The claim was dismissed because the employer liability had been previously redeemed and a redemption order had been previously entered by the Workmen's Compensation Bureau. Plaintiff then

References for Points in Headnotes
[1] 82 Am Jur 2d, Workmen's Compensation §§ 597, 616.
[2] 82 Am Jur 2d, Workmen's Compensation § 600.

brought an action in circuit court to set aside the redemption agreement. Summary judgment for defendant. Plaintiff appealed. Reversed, 76 Mich App 63. Rehearing granted July 15, 1977. On rehearing, the prior opinion is rescinded and the trial court is affirmed.

*James D. Jackson,* for plaintiff.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *Thomas G. Kienbaum),* for defendant.

Before: T. M. Burns, P. J., and M. J. Kelly and D. F. Walsh, JJ.

### On Rehearing

Per Curiam. This matter is before the Court on rehearing. Plaintiff sought to vacate a redemption order issued by the Workmen's Compensation Bureau. The trial court granted summary judgment for the defendant ruling that a redemption order is a final determination that cannot be vacated except for fraud. *Johnston's Administrator v United Airlines,* 23 Mich App 279, 285; 178 NW2d 536 (1970). We reversed, holding that,

"a court exercising equity jurisdiction may set aside a workmen's compensation redemption order where the claimant has a meritorious claim for greater compensation than he has received and where in entering into the redemption agreement the claimant relied upon false representations (even though made in good faith) concerning his medical condition made by the employer's doctor." *Solo v Chrysler Corp,* 76 Mich App 63, 68–69; 255 NW2d 770 (1977).

On rehearing we have again reviewed the entire record and reconsidered the arguments of counsel.

We are now persuaded that our original disposition of this case was improvident. Accordingly, the opinion formerly issued in this case is rescinded. The trial court is affirmed for the reasons stated in Judge Kelly's dissent. *Solo v Chrysler Corp, supra,* Kelly, J., dissenting.

T. M. Burns, P. J. *(dissenting).* I must dissent. In my opinion the issue was properly decided in our original opinion. I continue to adhere to the reasoning and the ruling of that opinion.