SOLO v CHRYSLER CORPORATION

Docket No. 61003. Decided May 1, 1979. On application for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Court of Appeals. Rehearing granted *post,* p 977.

Josephine Solo claimed workmen's compensation benefits against her employer, Chrysler Corporation. The parties' agreement to redeem the claim for $10,500 was approved in 1970 by the Workmen's Compensation Appeal Board. The plaintiff in 1971 filed a new claim for benefits which asserted that the redemption agreement was not for her complete injury but the claim was denied on the ground that the Workmen's Compensation Appeal Board could not set aside the redemption agreement. The plaintiff then brought an action to set aside the redemption agreement on the ground of mutual mistake of fact. The Wayne Circuit Court, John D. O'Hair, J., granted the defendant Chrysler Corporation's motion for summary judgment. The Court of Appeals, M. J. Kelly and D. F. Walsh, JJ. (T. M. Burns, P.J., dissenting), on rehearing, rescinded a prior opinion and affirmed (Docket No. 25558). Plaintiff applies for leave to appeal. *Held:*

The previous decisions of the Supreme Court which said that fraud *could* be a basis for setting aside a redemption agreement should not be read as limiting the grounds so that redemption may be disturbed *only* on that basis. A mutual mistake of fact may be the basis for setting aside a release of a tort claim, and the same principle applies to workers' compensation redemptions. Thus, the plaintiff's allegation of a mutual mistake states a claim for which relief may be granted and the summary judgment for the defendant was improperly granted.

Reversed, and the cause is remanded to the Wayne Circuit Court for further proceedings.

77 Mich App 354; 258 NW2d 224 (1977) reversed.

*James D. Jackson* for plaintiff.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *Thomas G. Kienbaum)* for defendant.

PER CURIAM. The plaintiff applies for leave to appeal from the Court of Appeals decision affirming the trial judge's entry of summary judgment for the defendant. This case presents the question whether an allegation that the redemption of a workers' compensation claim was based on mutual mistake of a fact states a claim for which relief may be granted. The courts below held that it did not. We disagree and reverse.

## I

Josephine Solo was injured in a work-related accident on February 18, 1969. Chrysler Corporation voluntarily paid benefits until she returned to work on April 21, 1969. Mrs. Solo stopped working in September 1969 and filed a claim for workers' compensation benefits. The parties reached an agreement to redeem the claim for $10,500, and the hearing referee approved the redemption following a hearing on June 15, 1970.

On November 1, 1971, Mrs. Solo filed a new petition for benefits, claiming that the settlement was not for the complete injury. However, the hearing referee and the Workmen's Compensation Appeal Board denied the petition on the ground that the agency was without authority to set aside a redemption.

Mrs. Solo then commenced this action in the Wayne Circuit Court, seeking to set aside the redemption. The trial judge granted Chrysler's motion for summary judgment on the ground that there was no genuine issue as to the existence of fraud and that the allegations of mutual mistake failed to state a claim for which relief could be granted.

The Court of Appeals initially reversed. *Solo v Chrysler Corp,* 76 Mich App 63; 255 NW2d 770

(1977). However, it granted rehearing and affirmed, with Presiding Judge T. M. BURNS dissenting. 77 Mich App 354; 258 NW2d 224 (1977).

## II

Both the trial judge and the Court of Appeals relied heavily on the following language from *Johnston's Administrator v United Airlines,* 23 Mich App 279, 285; 178 NW2d 536 (1970):

> "A redemption order is a final determination and an award made and accepted cannot be disturbed except upon a showing that it was procured by fraud. *Panozzo v Ford Motor Co,* 255 Mich 149 [237 NW 369] (1931); *Catina v Hudson Motor Car Co,* 272 Mich 377 [262 NW 266] (1935)."

*Panozzo* and *Catina* should not be read as limiting to fraud the grounds for setting aside a redemption. Those decisions said that fraud *could* be a basis for setting aside a redemption; they did not say that redemptions may be disturbed *only* on that basis.[1]

We have held in a series of more recent cases that a mutual mistake of fact may be the basis for setting aside a release of a tort claim. See *Van Avery v Seiter,* 383 Mich 486; 175 NW2d 744 (1970); *Ryan v Alexy,* 373 Mich 50; 127 NW2d 845 (1964); *Hall v Strom Construction Co,* 368 Mich 253; 118 NW2d 281 (1962). We hold that the same principle applies to workers' compensation redemptions. Thus, the plaintiff's allegation of a mutual mistake states a claim for which relief

---

[1] For example, in *Panozzo v Ford Motor Co,* 255 Mich 149, 150; 237 NW 369 (1931), we said: "A court of equity may relieve against a settlement, [a] petition to the board for its approval, [an] award based thereon, and a final settlement receipt procured by fraud."

may be granted, and the summary judgment was improperly entered.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgments of the Court of Appeals and the circuit court and remand to the Wayne Circuit Court for further proceedings.

COLEMAN, C.J., and KAVANAGH, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

WILLIAMS, J., concurred in the result.