HARRINGTON *v*. DEPARTMENT OF LABOR AND INDUSTRY.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—MANDAMUS.
    Hearing by department of labor and industry for approval or rejection of compensation agreement between employer and injured employee, void on its face, would be idle, and therefore will not be required by mandamus.

2. SAME—COMPENSATION AGREEMENT MUST CONFORM WITH STATUTE.
    Agreement between employer and injured employee for compensation under workmen's compensation act may be approved by department of labor and industry only when its terms conform to provisions of statute (2 Comp. Laws 1915, § 5458).

3. SAME—COMPENSATION TO INJURED EMPLOYEE PUBLIC MATTER.
    Compensation payable to injured employee under provisions of workmen's compensation act is not private matter between employer and employee, but public is interested; said act declaring State policy regarding personal injuries caused by industrial accidents.

4. SAME—APPROVAL OF AGREEMENT VOID ON FACE PROPERLY REFUSED.
    Agreement between employer and injured employee providing for payment to latter of stipulated sum in satisfaction of claim for compensation under workmen's compensation act, and providing further that his claim for compensation shall be forever closed and no further compensation shall ever accrue or be payable is void on its face as contrary to said statute (2 Comp. Laws 1915, § 5458), and department of labor and industry properly refused to approve it.

Mandamus by Clarence L. Harrington to compel Samuel H. Rhoads and others, commissioners of the department of labor and industry, to consider and approve a compensation agreement between plaintiff and the Battle Creek Gas Company, employer. Submitted October 28, 1930. (Calendar No. 35,168.) Writ denied December 2, 1930.

*Ronald M. Ryan,* for plaintiff.

*Wilber M. Brucker,* Attorney General, and *Charles Rubiner,* Assistant Attorney General, for defendants.

Clark, J. This is mandamus to the commissioners of the department of labor and industry to compel them to consider and to approve a stipulation respecting compensation to be paid plaintiff employee by Battle Creek Gas Company, the employer.

Facts essential to this opinion are as follows:

Plaintiff suffered an accidental personal injury under the act (2 Comp. Laws 1915, § 5423 *et seq.*), and sought compensation from the defendant employer, who denied liability. Thereupon, the parties entered into a written agreement or stipulation which, omitting introductory recitals, is in substance that plaintiff receive $1,500 in satisfaction of his claim for compensation, payable $18 per week, back installments to be paid down, remaining as they fall due; that, if the department approve, the whole amount will be paid in a gross or lump sum; and that, upon approval by the department of the agreement, plaintiff's case for compensation shall be forever closed and no further compensation shall ever accrue or be payable.

The case as presented is not for approval of a lump sum settlement under the act (2 Comp. Laws 1915, § 5452), but for freedom of the parties to contract as to compensation, subject to the approval of the department.

The department did not approve the agreement. There is discussion that it declined to grant a hearing on it, but this is not important. The agreement is void on its face. The department could not lawfully approve it. Hearing it would have been, and would be, idle and will not be required.

The statute permits the parties to make an agreement in regard to compensation and when filed with, and approved by, the department it is binding. But such agreement may be approved "only when the terms conform to the provisions of this act." 2 Comp. Laws 1915, § 5458. A mere glance at the stipulation shows terms neither provided nor contemplated by the act. It seeks to fix by contract rather than by fact the period of disability and to fix the same finally and beyond right of further recourse to the department.

See *Dettloff* v. *Hammond, Standish & Co.*, 195 Mich. 117; *Brabon* v. *Gladwin Light & Power Co.*, 201 Mich. 697; *Kirchner* v. *Michigan Sugar Co.*, 206 Mich. 459.

Compensation is not a private matter between employer and employee. The public is interested. The act declares a State policy that the burden of industrial accidental personal injuries shall be borne by the industries, not by the general public. To effectuate this policy, the act provides for frequent regular payments, weekly, not monthly, or quarterly, or annually. It opposes payments in gross or in lump sum, except in certain "special circumstances." Subject to its limitations, it contemplates weekly payments of compensation during disability, no more, no less.

In short, an agreement respecting compensation, to merit approval, must follow and conform to the provisions of the act. The agreement before us violates both the letter and the spirit of the act. The department properly refused it.

Writ denied.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.