MARKS *v.* OTIS ELEVATOR CO.

WORKMEN'S COMPENSATION—LUMP SUM PAYMENT.

> Lump sum payment, expressly made in accordance with the first
> part of 2 Comp. Laws 1929, § 8438, to enable plaintiff to
> obtain capital for his chemical manufacturing business and
> approved by the department of labor and industry, *held,* not
> contrary to public policy or spirit of the act and to constitute
> redemption from liability for all further payments.

Appeal from Department of Labor and Industry.
Submitted April 22, 1936. (Docket No. 24, Calendar
No. 38,734.) Decided June 11, 1936.

Milton A. Marks presented his claim against Otis
Elevator Company, employer, and Employers Lia-
bility Assurance Corporation, insurer, for compen-
sation for accidental injuries suffered while in de-
fendant's employ. On petition for further compen-
sation. Award to plaintiff. Defendants appeal.
Reversed.

*J. R. Doss (Lightner, Crawford, Sweeny, Dodd &
Toohy,* of counsel), for plaintiff.

*Alexander, McCaslin & Cholette,* for defendants.

BUTZEL, J. Plaintiff on August 29, 1928, while
employed by the Otis Elevator Company in Detroit,
sustained compensable injuries. By an agreement
filed with and approved by the department, the de-
fendant insurance company agreed to pay him $18
per week, the maximum rate, unless the amount was
changed by supplemental agreement approved by
the department or by an award. On the 23d of May,
1933, plaintiff filed a petition for a lump sum pay-
ment. He set forth that he required $1,500 in his

chemical manufacturing business, a successful venture, for raw materials, labels, printing and advertising and an automobile to aid in distribution.

He further represented that all sums were to be used for business purposes and only under supervision; that the lump sum was petitioned for "In accordance with the terms of section 22, * * * part 2 of the workmen's compensation act, reading as follows: 'Whenever any weekly payment has been continued for not less than six months, the liability therefor may be redeemed by the payment of a lump sum by agreement of the parties subject to the approval of the industrial accident board,'* and under no other conditions whatsoever, petitioner agrees to forego, waive or release, any or all future claims to further compensation."

He prayed that the department authorize a lump sum payment of $1,500. Defendant insurer indorsed on the petition a statement that it was "not adverse to making payment of compensation in the form prayed for in the above petition under the first provision of section 22, * * * of part 2 as quoted." An order was entered by the department on June 16, 1933, authorizing the payment of the "balance of the compensation due herein in a lump sum of $1,500 in accordance with part 2, § 22, of the workmen's compensation law and as prayed for in said petition." Thereafter, plaintiff, on a form furnished by the department, signed a settlement receipt which stated at its very beginning:

"This receipt means a final settlement. Do not sign it unless you intend to end payments of compensation and close the case."

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished (2 Comp. Laws 1929, § 8312).—REPORTER.

The receipt acknowledged the payment of $1,500 and that the aggregate of payments totaled $6,000. Contemporaneously with the filing of the petition, an agreement was also filed fixing the compensation at $5.906 for 254 weeks, but as defendant was relieved from any further payment by virtue of the lump sum settlement, we need not consider the effect of this agreement.

On January 21, 1935, plaintiff filed a petition stating that he had received $18 per week from August 29, 1928, to May 22, 1933; that he had been disabled since May 22, 1933, and that he received a lump sum ''advance'' for $1,500 on or about May 22, 1933. He asked that he be granted full compensation. The deputy commissioner made an award denying such further compensation, but upon application for review, the department granted plaintiff compensation for total disability at the rate of $18 per week from and after May 22, 1933, subject to a credit of $1,500 paid in accordance with the terms of the order of the department.

Plaintiff claims that the payment of $1,500 was simply an advance of payments under a direction for deferred payments in accordance with the second part of section 22 (2 Comp. Laws 1929, § 8438). Counsel for plaintiff calls attention to the cases of *Norbut* v. *I. Stephenson Co.,* 217 Mich. 345, and *Catina* v. *Hudson Motor Car Co.,* 272 Mich. 377, in which we held that the sums paid were advances or commutations of sums to become due. In both these cases, we called particular attention to the fact that under the first part of section 22, redemption of all liability could be made in a lump sum, subject to the approval of the department. This was exactly what was done in the instant case, it being expressly stated

in the petition addressed to the department that the $1,500 be paid in accordance with the quoted part (the first part) of section 22. There is no ambiguity in the language, as claimed by plaintiff, nor do we attach any force to the fact that the word "payment" instead of "settlement" was used in the department's order. The order bore the heading "order of the department on lump sum petition," and stated that the $1,500 be paid in accordance with section 22 "as prayed for in said petition." When a lump sum settlement is made in accordance with the first portion of section 22 the employee has the advantage of a large immediate payment and in this particular case, the furnishing of capital to conduct a business; on the other hand, the employer or his insurer is taking a certain risk. The employee may entirely recover from all disability, or he may die, or he may earn a much larger sum than his average weekly wage at the time of the injury, long before the lump sum would have been exhausted, had it been paid out in weekly payments. We do not find that the payment of such lump sum in final settlement of all liability is against public policy or the spirit of the act. The first portion of section 22 provides for such settlement. It is necessary that such settlement be approved by the department. As it was so approved in the instant case, it constituted a redemption from liability for all further payments.

The award is vacated.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.