ANDERSON *v.* CLARK EQUIPMENT CO.

1. WORKMEN'S COMPENSATION—LUMP SUM SETTLEMENT—APPROVED AGREEMENT—AWARD ON PETITION.

    Test of whether a lump sum settlement was a redemption of liability of employer and insurer under first provision of 2 Comp. Laws 1929, § 8438, or a commutation of deferred payments at the then present worth is whether such settlement was made by an approved agreement or by an award on petition.

2. SAME—LUMP SUM SETTLEMENT—REVIEW OF PAYMENTS.

    Lump sum settlement, had on petition of injured employee, then under partial disability and receiving compensation for such pursuant to approved agreement, and award granting such petition *held*, a lump sum settlement under provision of 2 Comp. Laws 1929, § 8438, granting department of labor and industry power to order deferred payments commuted at present worth, hence the department had power and jurisdiction to review payments made thereunder (2 Comp. Laws 1929, § 8453).

3. SAME—LUMP SUM SETTLEMENT—SECOND ACCIDENT—CHANGE OF CONDITION—REVIEW OF PAYMENTS.

    Award of lump sum for commutation of deferred payments for partial disability effective during period for which former skilled-labor employee worked as night watchman *held, res judicata* until occurrence of a second accident, hence no further award may be made for such period in absence of change of condition warranting a review of payments (2 Comp. Laws 1929, §§ 8438, 8453).

4. SAME—SECOND ACCIDENT—TOTAL DISABILITY FROM FIRST ACCIDENT—INSURANCE.

    Finding of department of labor and industry that at expiration of period of total disability due to a second accident there was a change of condition resulting in total disability due to first accident *held*, supported by evidence, hence insurer on risk at time of occurrence of first accident was liable for such continued total disability notwithstanding a. lump sum settlement for partial disability continuing up until occurrence of second accident, where such lump sum settlement was a commutation of deferred payments awarded by department (2 Comp. Laws 1929, § 8438).

Appeal from Department of Labor and Industry. Submitted October 15, 1936. (Docket No. 121, Calendar No. 39,072.) Decided December 28, 1936.

Aaron Anderson presented his claims for compensation against Clark Equipment Company, employer, and Michigan Mutual Liability Company, insurer in first accident, and Liberty Mutual Liability Company, insurer in second accident, for injuries suffered in defendant's employ. From award made, defendants Clark Equipment Company and Michigan Mutual Liability Company appeal. Modified and affirmed.

*Charles H. Kavanagh,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant Liberty Mutual Liability Company.

*L. J. Carey, Geo. J. Cooper* and *R. B. Hart,* for defendants Clark Equipment Company and Michigan Mutual Liability Company.

Toy, J.   In this workman's compensation case there are involved two compensable accidents to the employee at the plant of employer. The first occurred on December 23, 1929, and the second on June 29, 1934.

The Michigan Mutual Liability Company carried the employer's insurance at the time of the first accident, while the Liberty Mutual Liability Company carried such insurance upon the happening of the second accident.

On January 13, 1930, an agreement for payment of compensation was entered into between the employer and employee in the amount of $18 per week. This was approved by the department. After 40 weeks of such payment at $18 per week, and after a

petition for lump sum settlement was filed by plaintiff, an agreement was entered into between plaintiff and the Michigan Mutual Liability Company, that compensation be paid "during partial disability" for 460 weeks thereafter at $1.17 per week, which agreement was approved by the department. Thereafter the department entered its order approving a lump sum payment thereof in the amount of $538.20, to be deposited in a bank and paid plaintiff at the rate of $100 each month. Payment thereof was duly made by the insurance company, although settlement receipt therefor was never approved by the department. From that time, plaintiff was employed as a watchman by the employer, until the occurrence of the second accident. Following the second accident, agreement for payment of compensation during disability was entered into between plaintiff, defendant and Liberty Mutual Liability Company, and payment at the rate of $14.08 made to plaintiff thereunder from the date of the second accident until November 8, 1934. On November 7, 1934, defendant and the last named insurance company filed a petition to stop or reduce compensation, alleging that plaintiff was "able to return to work."

Plaintiff answered denying that he was able to return to work, and filed his cross-petition for review of payments of compensation with respect to the first accident. He alleged in his cross-petition that the approval of the department of the lump sum payment was procured by fraud and misrepresentation; that at the time of such approval of the lump sum settlement, plaintiff was totally incapacitated to follow his trade as a mason; that the settlement receipt had never been approved by the department; that he has never been able to return to the skilled labor he performed at the time of the first accident; that his external tibial nerve "does not

function;" that he "is paralyzed;" that he "has an injury to the spinal cord and a compression fracture of a vertebra;" that he has an unstable gait and that he has "foot drop;" all of which he contends brought about physical consequences which totally disable him.

The department granted review of payments and after a hearing thereon before a deputy commissioner followed by review thereof by the department, it determined (quoting from its opinion):

"The department having found that plaintiff's present total disability is caused by the injury of 1929, the award of the Deputy Commissioner Whitney granting Liberty Mutual Insurance Company's petition to stop compensation as of the date of hearing, March 19, 1935, is hereby affirmed and the department having found, from an examination of the record, that plaintiff was partially disabled from October 17, 1930 to June 29, 1934, the date of the second accident, and that previous to and at the time of the first accident, plaintiff was engaged as a skilled employee for the Clark Equipment Company at average weekly wages of $27 and that during the said period of partial disability, plaintiff was employed as a watchman at an average weekly wage of $14.38, and award of $12.62 per week, partial disability from October 17, 1930 to June 29, 1934, as provided in 2 Comp. Laws 1929, § 8427, subd. e, is hereby granted and shall be paid by the Clark Equipment Company and the Michigan Mutual Liability Company. The department further awards plaintiff $18 per week for total disability for a period of 2-5/6 weeks from September 28, 1930 (and of 40 weeks total compensation previously paid) to time of reemployment by defendant on October 17, 1930, and there shall be deducted from the above awards the sum of $538.20 which has been paid to plaintiff pursuant to the terms of the agreement of October 12, 1930. The department further finds plaintiff is

totally disabled and the Clark Equipment Company and Michigan Mutual Liability Company shall pay plaintiff $18 per week from the 19th day of March, 1935, until the further order of the department.''

The employer and the Michigan Mutual Liability Company appeal.

Appellants claim that because of plaintiff's petition for lump sum settlement, agreed to by the Michigan Mutual Liability Company, approved and ordered paid by the department, and paid by the said insurance company, a redemption of appellants' liability was effected by virtue of the first part of 2 Comp. Laws 1929, § 8438, which provides:

''Whenever any weekly payment has been continued for not less than six months, the liability therefor may be redeemed by the payment of a lump sum by agreement of the parties, subject to the approval of the industrial accident board.'' *

We do not accord with this view. The settlement here effected was in pursuance to the second part of the above cited statute, which reads:

''The said board* may at any time direct in any case, if special circumstances be found which in its judgment require the same, that the deferred payments be commuted on the present worth thereof at five per cent. per annum to one or more lump sum payments, and that such payments shall be made by the employer or the insurance company carrying such risk, or commissioner of insurance, as the case may be.''

It is urged by appellants that because plaintiff's petition for lump sum settlement failed to set up special circumstances as required by the second part of the statute above quoted, that it must, perforce,

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.—Reporter.

come within the first part of the section. This is not the test. We have heretofore held that the line of demarcation between the two procedures is whether the settlement is made by approved agreement or by award on petition. *Marks* v. *Otis Elevator Co.,* 276 Mich. 75; *Catina* v. *Hudson Motor Co.,* 272 Mich. 377; *Norbut* v. *I. Stephenson Co.,* 217 Mich. 345.

The plaintiff here filed his petition for lump sum settlement. The agreement between the parties, provided for partial disability compensation for 460 weeks at $1.17 per week. It did not, however, contain any provision for lump sum payment. The department made an award granting the plaintiff's petition. Clearly, such settlement and award were within the second part of the quoted statute rather than the first. It follows then that the department had power and jurisdiction to review payments of the first accident. *Catina* v. *Hudson Motor Co., supra.*

It is stated in appellant's brief that the second question involved is:

"Where plaintiff has been paid compensation under an approved agreement for partial disability does the subsequent filing of a petition to review payments authorize the board * to order payment of additional compensation without a showing by plaintiff that his earning ability has diminished as a consequence of a change in his physical condition attributable to said accident?"

Following the lump sum settlement plaintiff worked for defendant employer as a watchman until the second accident. The lump sum award for partial disability was effective during this period.

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.—REPORTER.

There was, during such period, no change of condition warranting a review of payments.* The award of lump settlement was *res judicata,* and prevents any further award for such period. Therefore the award of the department in such regard is erroneous.

Following the occurrence of the second accident, total disability compensation was paid therefor as long as the disability caused thereby existed. The department found, and the record supports such finding, that such disability as was caused by the second accident ceased on March 19, 1935. The department found, however, and there is medical testimony supporting such finding, that following such second accident the condition of plaintiff changed and that he became totally disabled, and that such continuing total disability resulted from the injuries received from the first accidental injury. The plaintiff should therefore be awarded compensation for total disability commencing March 19, 1935, and until the further order of the department made in pursuance to the statute.

The award entered by the department is vacated and the cause remanded for the entry of an award in accordance herewith. Costs to appellants.

North, C. J., and Fead, Wiest, Butzel, Bushnell and Sharpe, JJ., concurred. Potter, J., did not sit.

---

* See 2 Comp. Laws 1929, § 8453.—Reporter.