YOUNG *v.* WEHMEIER.

1. MARRIAGE—BILL TO AFFIRM—DENIAL OR DOUBT BY A PARTY.
   Relief under the plain and unambiguous statute authorizing a bill to affirm a marriage requires that there be a showing that one of the parties thereto either denies or doubts such relationship (CL 1948, § 552.4).

2. SAME—JURISDICTION—QUESTIONS REVIEWABLE.
   Whether or not a common-law marriage existed between plaintiff and ward of defendant guardian at time of filing of bill to affirm an alleged common-law marriage is not determined, where jurisdictional facts necessary to relief under pertinent statute had not been shown in that it does not appear that either party to the marriage had either denied or doubted the validity of the marriage (CL 1948, § 552.4).

Appeal from Wayne; Culehan (Miles N.), J. Submitted April 11, 1962. (Calendar No. 56, Docket No. 49,112.) Decided February 6, 1963.

Bill by Nellie E. Young against Robert L. Young to affirm validity of marriage resulted in default and decree. Victor H. Wehmeier, successor guardian of Robert L. Young, mentally incompetent, petitioned to have decree vacated. Petition denied. Defendant guardian appeals. Reversed and remanded for order setting aside decree.

*Carl Z. Millen,* for plaintiff.

*Victor H. Wehmeier,* defendant guardian, *in propria persona.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 35 Am Jur, Marriage § 43 *et seq.*

OTIS M. SMITH, J.  This is an appeal from an order denying defendant's motion to vacate a decree affirming an alleged common-law marriage between appellee, Nellie E. Young, and appellant's ward, Robert L. Young.[1]  Victor H. Wehmeier, successor guardian, brought a motion to vacate the decree claiming that the court lacked jurisdiction to enter a decree based upon the allegations in the bill of complaint; further that the defendant, his predecessor as guardian, permitted a default to be entered and then voluntarily appeared to testify in behalf of plaintiff and against her own ward, and other irregularities in the proceedings.

The sole question that we shall review is whether or not the court had jurisdiction to enter a decree affirming the alleged common-law marriage.  The record shows that a bill of complaint to affirm marriage was filed November 21, 1956, by Nellie E. Young against the defendant, Robert L. Young.  The bill alleges that plaintiff and defendant began living together as husband and wife on or about May 21, 1953, although each, at the time was married to someone else.  The impediments were removed when their respective spouses dissolved the marriages in divorce.  Thereafter it is alleged that plaintiff and defendant reaffirmed their mutual agreement to become man and wife, and did thereafter live and cohabit together as such.  No issue was born of this alleged union.  A decree affirming was sought for the following reasons, quoted from the bill itself:

"9. That the validity of said common-law marriage has been questioned as follows:

"(a) The hearing in probate court on the question of guardianship as mentioned herein.

---

[1] The decree was entered December 21, 1956.  See CL 1948, § 551.2, as amended by PA 1956, No 44 (CLS 1956, § 551.2, Stat Ann 1957 Rev § 25.2), requiring not only consent, but license and solemnization after January 1, 1957.

"(b) The benefits that have accrued under the workmen's compensation law.

"(c) There are at least 5 insurance policies where both parties are mentioned as husband and wife and which can be possibly questioned at a future date.

"(d) That said marriage is valid and that the plaintiff is entitled to a decree of this court determining its validity and legally clarifying the property interests and property rights of said parties."

The statutory authority under which a decree affirming a doubtful marriage may be brought reads as follows:

"When the validity of any marriage shall be denied or doubted by either of the parties, the other party may file a bill or petition in the manner aforesaid, for affirming the marriage; and upon due proof of the validity thereof, it shall be declared valid by a decree or sentence of the court; and such decree, unless reversed on appeal, shall be conclusive upon all persons concerned." CL 1948, § 552.4 (Stat Ann 1957 Rev § 25.84).

It is plain from a reading of the statute that the operative fact which must be shown before any relief can be obtained is that 1 of the parties to the alleged marriage must either deny or doubt such a relationship. Neither the pleading nor the proofs disclose that either party doubted or denied what was claimed to be a common-law marriage.

Appellee, however, who as plaintiff below secured a decree affirming, quotes a portion of 1 Moore, Michigan Practice: Marriage, Divorce and Separation, § 451. The portion quoted reads as follows:

"There are many instances where because of lost, destroyed or unrecorded records or evidence of the marriage, 1 of the parties to the alleged marriage desires to obtain a judicial determination establishing the validity of the marriage.

"Since ordinarily there is no official record of common-law marriages it may become necessary to secure an adjudication of the validity of such a marriage in order to establish personal or property rights."

We quote further from the same section:

"Of course when both parties wish to make a record of their marriage as between themselves they may do so by executing affidavits or even by entering into a subsequent probate marriage.[2] * * *

"But where the parties disagree it may be necessary to file suit to affirm such a common-law marriage or to establish a ceremonial marriage where the records are lost or unobtainable."

Obviously, this is no authority for the proposition that in a bill to affirm a doubtful marriage brought under the statute the necessary jurisdictional facts need not be alleged. What is more the statute is plain and unambiguous and must be followed.

The question is not presented to us, nor do we intend to infer 1 way or the other, whether there was a common-law marriage existing between Nellie E. Young and Robert L. Young in 1956.

Reversed and remanded for the entry of an order setting aside the decree. Costs to appellant.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

O'HARA, J., took no part in the decision of this case.

---

[2] CL 1948, § 551.201, as amended by PA 1957, No 209 (Stat Ann 1961 Cum Supp § 25.51).—REPORTER.