WEHMEIER *v.* W. E. WOOD COMPANY.

DECISION OF THE COURT.

1. WORKMEN'S COMPENSATION—LUMP SUM PAYMENT—ADDITIONAL MEDICAL PAYMENTS.

Order of workmen's compensation appeal board dismissing application for additional medical payments after acceptance of lump sum payment is affirmed (CL 1948, § 412.22).

SEPARATE OPINION.

DETHMERS, KELLY, SMITH, and O'HARA, JJ.

2. WORKMEN'S COMPENSATION—LUMP SUM PAYMENT—DISCHARGE OF ALL LIABILITY.

*The redemption of deferred payments of workmen's compensation by a lump sum payment, approved by the workmen's compensation appeal board redeems all the payments and discharges the employer and its insurer from all further liability (CL 1948, § 412.22).*

3. SAME—ADMINISTRATIVE CONSTRUCTION—LUMP SUM SETTLEMENT.

*The repeated and frequent application of the lump sum payment of all liability for benefits under the workmen's compensation act with approval by the agency administering the act and the making of rules for such purpose that were not disapproved by the legislature is an administrative construction of the act which must be considered when determining legislative intent*

---

REFERENCES FOR POINTS IN HEADNOTES

[1–6, 8–12, 14]  58 Am Jur, Workmen's Compensation §§ 547, 548.
Limit of compensation fixed by workmen's compensation act as inclusive or exclusive of medical or hospitalization expenses.   128 ALR 136.
Specific grounds for commutation of payments under workmen's compensation acts.  69 ALR 547.
[7]  58 Am Jur, Workmen's Compensation § 543.
[13]  42 Am Jur, Public Administration Law § 77.
50 Am Jur, Statutes § 325.
[15]  50 Am Jur, Statutes § 534.

of the act (CL 1948, § 412.22; 1959 AACS, §§ R 408.38, R 408.39).

4. SAME—LUMP SUM SETTLEMENT—MEDICAL PAYMENTS.

To permit a lump sum settlement of part of a workmen's compensation case while leaving the question of medical care unsolved would rob the lump sum payment provision of all meaning and usefulness (CL 1948, § 412.22).

5. SAME — LUMP SUM PAYMENT — MEDICAL PAYMENTS — PUBLIC POLICY.

The payment of a lump sum in final redemption of all liability, including medical payments after the first 6 months following injury, is not against public policy, where the workmen's compensation act does not permit the redemption of workmen's compensation benefits by the making of a lump sum payment before the expiration of 6 months of weekly payments and requires the approval of the workmen's compensation department or appeal board (CL 1948, § 412.22).

6. SAME—LUMP SUM SETTLEMENT—FURTHER MEDICAL PAYMENTS.

Order of workmen's compensation appeal board granting employer's motion to dismiss employee's application for additional medical payments following a lump sum settlement held, not error (CL 1948, § 412.22).

7. COSTS—WORKMEN'S COMPENSATION—LUMP SUM PAYMENTS—MEDICAL PAYMENTS.

No costs are allowed on appeal in employee's proceeding to recover additional medical payments after receipt of lump sum payment of workmen's compensation (CL 1948, § 412.22).

### DISSENTING OPINION.

T. M. KAVANAGH, C. J., and SOURIS and ADAMS, JJ.

8. WORKMEN'S COMPENSATION—LUMP SUM PAYMENT—MEDICAL PAYMENTS—WEEKLY PAYMENTS.

The workmen's compensation department has no authority under the lump sum payment section of the workmen's compensation act to permit the employer to redeem its liability for medical services made necessary for plaintiff because of the injury, the authority to redeem under such section being specifically limited to redemption of liability for weekly payments of compensation (CL 1948, § 412.22).

9. SAME—LUMP SUM PAYMENT REDEEMING WEEKLY PAYMENTS.

Whether a lump sum payment of workmen's compensation be consented to by the employer under the first clause of the section

*of the workmen's compensation act or such payment be directed
to be made by the employer under the second clause of such
section, only weekly payments of compensation, not medical
payments, are involved and all are subject to approval of the
workmen's compensation department (CL 1948, § 412.22)*

10. SAME—LUMP SUM PAYMENT OF WEEKLY PAYMENTS—MEDICAL
PAYMENTS.

*Medical payments under the workmen's compensation act are not
weekly payments, hence, may not be redeemed by reason of
any authority conferred by section of the act authorizing lump
sum payment in redemption of weekly payments of compen-
sation (CLS 1961, § 412.4; CL 1948, § 412.22).*

11. SAME—WEEKLY PAYMENTS—REDEMPTION—MEDICAL PAYMENTS—
MENTALLY INCOMPETENT EMPLOYEE.

*Redemption order of employer's entire liability for weekly pay-
ments of workmen's compensation may not properly be con-
strued as a redemption of medical payments also, where statute
conferred no authority to redeem future medical payments by
a lump sum settlement, the order does not provide for redemp-
tion of medical payments, and the circumstances were such as
to indicate that the employee, rendered mentally incompetent
by the injury, would remain in such condition for the rest of
his life (CLS 1961, § 412.4; CL 1948, § 412.22).*

12. SAME—REDEMPTION OF WEEKLY PAYMENTS—CONSTRUCTION OF
STATUTES.

*The section of the workmen's compensation act authorizing the
redemption of weekly payments of compensation after they
had been continued for 6 months may not be construed as
authorizing the redemption of an employer's liability under the
act where such construction would be other than that which the
act explicitly provides (CL 1948, § 412.22).*

13. STATUTES—CONSTRUCTION—ADMINISTRATIVE INTERPRETATION.

*An administrative agency's continued action contrary to unambig-
uous statutory language of the act it is called upon to ad-
minister does not require the Supreme Court to violate its duty
to uphold the law when construing the statute.*

14. WORKMEN'S COMPENSATION—REDEMPTION OF LIABILITY BY LUMP
SUM PAYMENT—APPROVAL—REPORT OF MEDICAL EXAMINATION.

*Workmen's compensation department rule requiring report of a
licensed physician approved by the employee, which report must
give in detail the findings of a recent examination, to accom-
pany an agreement to redeem liability of the employer or his*

*insurer would presumably have a bearing upon the determination of the departments as to the nature of the specific loss and whether disability is partial, total, or total and permanent, all a legitimate concern in determining whether the redemption agreement should be approved as a redemption of weekly, not medical, payments (CL 1948, § 412.22; 1959 AACS, § R 408-.39).*

15. STATUTES—AMENDMENT BY IMPLICATION.
  *The alteration or amendment of statutes by implication is not favored (Const 1963, art 4, § 25).*

Appeal from Workmen's Compensation Appeal Board. Submitted February 5, 1965. Resubmitted July 26, 1965. (April Calendar No. 22. Docket No. 50,798.) Decided February 8, 1966.

Application by Victor H. Wehmeier, guardian of the estate of Robert Lee Young, mentally incompetent, a former employee, against W. E. Wood Company, employer, and General Accident Assurance Corporation, insurer, for additional medical, surgical, and hospital benefits, filed more than two years after redemption order had been made. Referee ruled prior redemption order had no effect on defendants' liability to provide medical care. Workmen's compensation appeal board granted motion to dismiss application for additional benefits. Plaintiff appeals. Affirmed.

*Victor H. Wehmeier, in propria persona,* guardian of the estate of Robert Lee Young, mentally incompetent, plaintiff.

*Lacey & Jones (Thaddeus F. Felker,* of counsel). for defendants.

*Amici Curiae:*

*Charles H. King,* for American Mutual Insurance Alliance, Auto Owners Insurance Company, Citi-

zens Mutual Automobile Insurance Company, and Michigan Mutual Liability Company.

*Stephen I. Schlossberg, John A. Fillion, Bernard F. Ashe,* and *Jordan Rossen,* for International Union, UAW.

*Jerome W. Kelman,* for Michigan Chapter, American Trial Lawyers Association.

KELLY, J. After 71 weeks of payment of compensation, hearing referee Broderick entered an order (September 6, 1957) "that said agreement to redeem the employer's entire liability for weekly payments herein by the payment of $15,000 be approved."

More than two years later appellant filed an application for hearing and adjustment of claim for additional weekly payments and medical benefits.

After plaintiff withdrew his claim for weekly payments, hearing referee Broderick held "that the redemption ordered entered herein on September 6, 1957 had no effect on defendants' liability to provide medical care under section 4 of part 2 of the workmen's compensation act."

After the appeal board reversed the hearing referee and granted defendants' motion to dismiss, this Court granted appellant's request for leave to appeal. On July 15, 1965, the eighth brief was filed, including three *amicus curiae* briefs, one of which was by "invitation."[1]

---

[1] "On order of the Chief Justice (January 29, 1965), the request of Auto Owners Insurance Company, Citizens Mutual Insurance Company and Michigan Mutual Liability Company to file an *amicus curiae* brief is granted, and the American Trial Lawyers Association, Michigan chapter, through Howard Silver, its president, is invited to file an *amicus curiae* brief if the association desires; both briefs to be filed within 30 days from the date of this order." The request of the International Union, UAW, was also granted and its *amicus curiae* brief was filed March 11, 1965.

The main question in this appeal is: Did the appeal board lack jurisdiction to make a lump sum settlement of medical benefits?

The redemption provision, being part 2, § 22, of the workmen's compensation act, provides:

"Whenever any weekly payment has been continued for not less than 6 months, the liability therefor may be redeemed by the payment of a lump sum by agreement of the parties, subject to the approval of the compensation commission, and said compensation commission may at any time direct in any case, if special circumstances be found which in its judgment require the same, that the deferred payments due under this act be commuted on the present worth thereof at 5 per cent per annum to 1 or more lump sum payments, and that such payments shall be made by the employer or the insurance company carrying such risk, or commissioner of insurance, as the case may be."   CL 1948, § 412.22 (Stat Ann 1960 Rev § 17.172).

Appellant states:

"This question is one of first impression before this Court and regardless of what may have been done in the past, the commission lacks jurisdiction to make a lump sum settlement of medical benefits. * * *

"The redemption section of the statute   * * * consists of one long sentence and contains a single thought; namely, the lump sum settlement of liability.   The first part of the sentence states in effect that *weekly payments* may be redeemed by agreement.   The second part of the sentence states that 'said * * * commission * * * may direct * * * if special circumstances be found * * * deferred payments * * * be commuted * * * on present worth.'   * * *   This is the only section of the workmen's compensation statute which provides for a lump sum settlement and from a reading of the section, it is obvious it deals with only one.

thing—weekly payments and the 'deferred payments' referred to are, of course, weekly payments."

The UAW expresses its approval of appellant's interpretation as follows:

"The UAW is in accord with plaintiff and appellant that this redemption section of the statute *does not* and *should not* deal with medical benefits. * * * The public policy is against lump sum payments and in favor of payments over a period of time. This presents a compelling justification for the legislative requirement that medical benefits be furnished when they are needed and that they cannot be redeemed in one lump sum."

The Michigan Chapter of the American Trial Lawyers Association calls attention in its brief that "the settlement herein exceeded the defendants' exposure for weekly payments by almost $2,850," and that "there is no question that the parties intended to include medical benefits"; that the words "weekly payment" in section 22 "can mean nothing but the benefits based on two-thirds of earnings not to exceed a certain maximum," and, therefore, "Michigan A.T.L. submits that this Honorable Court should hold that medical benefits are not redeemable," and states:

"However, because of long acceptance of redemption of medical and because it would be unfair, unjust, and even unethical to now restore retroactively the right to medical in past cases A.T.L. requests this Honorable Court to enforce its decision prospectively. There are a number of precedents for this. See *Parker* v. *Port Huron Hospital,* 361 Mich 1; *Wilson* v. *Doehler-Jarvis Division of National Lead Company,* 358 Mich 510."

Appellees, in their brief, call attention to the rules of the workmen's compensation department distinguishing between redemption and lump sum ad-

vance payments which rules have been referred to legislative committees under the referral statute provision,[2] and emphasize legislative assent to the final settlement of medical payments by saying:

"The law has always favored settlements of disputes. The legislature certainly provided for final settlement of disputes prior to 1943. Such a valuable right to workmen's compensation litigants would not be taken away by inference. If it was done, it would be done directly. It was not done directly, so the right to finally settle these matters is found where it has always been—in the first provision of section 22 of part 2."

In the brief *amicus curiae* submitted by American Mutual Insurance Alliance, *et al,* there is stated, "the workmen's compensation department has from 1943 to the present day consistently held that a redemption operates to terminate the employer's liability for medical benefits"; that during the period of over 20 years "the compensation act has been amended at least 23 times, but not once has any action been taken toward making the liability for medical benefits not redeemable"; that if this Court should reverse the appeal board without clearly providing that our decision would only be enforced prospectively, "the economic impact on Michigan employers and their compensation insurance carriers of the wholesale reopening of such long closed cases would be tremendous"; and, emphasizing that future settlements would be discouraged by a reversal, they state:

"During the past seven years, more than 20,000 compensation cases have been settled by redemption; without redemptions, hearings would presum-

ably have been required in most of the 20,000. This is roughly three times the number of cases which actually went to hearing during the same period.

\* \* \*

"To do it [to interpret the statute as not permitting redemption of liability for medical benefits] either retroactively or prospectively would tend to discourage the making of settlements in the future. As Chairman McAuliffe said in the Bovill case [Bovill v. Shell Oil Co., and made a part of the appeal board's opinion herein]: 'No one would ever think of entering into an agreement to redeem a case in part and leave open the possibility of future litigation over medical care.'"

The workmen's compensation appeal board in its opinion on review calls attention that since our decision in *Lahti* v. *Fosterling* (1959), 357 Mich 578, "the department has received a number of petitions for further medical care from employees who, like the plaintiff, have heretofore redeemed their cases"; that "the language of section 22, part 2 authorizing redemptions of liability is the same today as in 1912"; that "if the legislature had ever intended to limit the scope of settlement authorized under section 22 so as to exclude medical benefits we believe that it would have done so when a general revision of the statute was undertaken by PA 1943, No 245 when section 4, part 2 was amended to provide for an aggregate of 12 months' medical care. Neither has it elected to do so since then even though the same section was further amended by PA 1949, No 238 and PA 1955, No 250"[3] and:

"It seems to us that the reasoning upon which the *Dornbos* decision[4] was grounded is applicable in

[3] The section was further amended by PA 1945, No 325 and PA 1963, No 199.
[4] *Dornbos* v. *Bloch & Guggenheimer, Inc.*, 326 Mich 626: "The 'compensation' provided in the workmen's compensation act, in its broader sense, is not only the award in lieu of prospective earnings

the instant case.  To hold otherwise is to say that the legislature only intended to permit a settlement of part of a compensation case while leaving the question of medical care unresolved.  Such a monstrous result would rob the section of all meaning and usefulness.  No one would ever think of entering into an agreement to redeem a case in part and leave open the possibility of future litigation over medical care, particularly so in cases where the prime issue might be as to whether any liability at all existed in the first place."

The briefs submitted have been most helpful in establishing the size and importance of the question presented, and we express special thanks for the three *amicus curiae* briefs.

The *Lahti* decision, *supra,* holding that the 1955 amendment *in re* medical and hospital benefits operates retroactively, which, the appeal board states, precipitated this and similar cases, did not in any way refer to or apply to the redemption provision we are now considering.

Appellees disagree with appellant's contention that both the first and second provisions of part 2, § 22, provide for partial settlement: One on a voluntary basis and the other on an involuntary basis.

The first provision of part 2, § 22, which has come to be known as "redemptions" provides as follows:

"Whenever any weekly payment has been continued for not less than 6 months, the liability therefor may be redeemed by the payment of a lump sum by agreement of the parties, subject to the approval of the compensation commission."

which the employee loses in consequence of his injury but includes what may be termed 'sick benefits,' such as medical, surgical and hospital services, for a limited period after the injury and the term is so used in section prescribing time within which a claim for compensation must be filed by an injured employee (PA 1912 [1st Ex Sess], No 12, pt 2, §§ 4, 15, as amended by PA 1943, No 245)." (Syllabus 2.)

The second provision, generally known as "lump sum advances," provides:

"Said compensation commission may at any time direct in any case, if special circumstances be found which in its judgment require the same, that the deferred payments due under this act be commuted on the present worth thereof at 5 per cent per annum to 1 or more lump sum payments."

In *Catina* v. *Hudson Motor Car Co.,* 272 Mich 377, 382, we held:

"A direction by the board that deferred payments be commuted to one or more lump sum payments, under the second provision of CL 1915, § 5452 (CL 1929, § 8438 [CL 1948, § 412.22, Stat Ann 1960 Rev § 17.172]), presents no obstacle to a further review of weekly payments upon a showing of change in condition. The order for the lump sum settlement in the instant case was also made under this second provision. Had there been a contract for a lump sum settlement entered into by the parties and approved by the department, in accordance with the first provision of this section, and payment made accordingly, all payments would have been redeemed and defendants discharged from further liability."

The fact that appellant's construction is not correct is further proven by the following from *Marks* v. *Otis Elevator Co.,* 276 Mich 75, 78:

"When a lump sum settlement is made in accordance with the first portion of section 22 the employee has the advantage of a large immediate payment and in this particular case, the furnishing of capital to conduct a business; on the other hand, the employer or his insurer is taking a certain risk. The employee may entirely recover from all disability, or he may die, or he may earn a much larger sum than his average weekly wage at the time of the injury, long before the lump sum would have

been exhausted, had it been paid out in weekly payments. We do not find that the payment of such lump sum in final settlement of all liability is against public policy or the spirit of the act. The first portion of section 22 provides for such settlement. It is necessary that such settlement be approved by the department. As it was so approved in the instant case, it constituted a redemption from liability for all further payments."

The legislature in changing the administrative structure and creating the workmen's compensation department[4] and workmen's compensation appeal board[5] granted various powers to these agencies and recognized the difference in the purposes between the first and second provisions of part 2, § 22, of the workmen's compensation act, when it stated:

"Sec. 5. The director shall direct the processing for approval or rejection by the hearing referees of all agreements filed under the provisions of section 22 of part 2 of Act No 10 of the Public Acts of the First Extra Session of 1912, as amended, being section 412.22 of the Compiled Laws of 1948, and also direct the processing for granting or rejecting by the hearing referees of all petitions for the commutation of deferred payments in a lump sum filed pursuant to said section 22." CLS 1961, § 408.5 (Stat Ann 1960 Rev § 17.6[11]).

Pursuant to the rule-making powers given to the department (CL 1948, § 413.3 [Stat Ann 1960 Rev § 17.176]), Rule 8 was created, stating:

"An application for advance payment of compensation must be submitted in duplicate on form 108. If the insurance company or self-insured employer refuses to approve the application, the matter will be set for hearing to determine whether or not the

---

[4] CLS 1961, § 408.1 (Stat Ann 1960 Rev § 17.6[7]).
[5] CLS 1961, § 408.9 (Stat Ann 1960 Rev § 17.6[15]).

application should be granted. An advance payment of compensation to a minor dependent will not be approved or ordered until a legal guardian has been appointed." (1959 AACS, § R 408.38.)

Rule 9, the redemption rule, provides:

"Any agreement to redeem the liability of the insurer or self-insured employer must be submitted on form R.E.D. The agreement must be accompanied by a report from a licensed physician approved by the employee giving in detail the findings of a recent examination." (1959 AACS, § R 408.39.)

In accord with PA 1943, No 88, as amended, these rules, and previous rules, were submitted[6] to the legislature and forwarded to the appropriate legislative committee, and appellees call to our attention that "there has been no legislative action on these rules indicating that the legislature thought that the workmen's compensation department or workmen's compensation appeal board was acting beyond its authority in recognizing the distinct purposes of the two provisions of section 22 of part 2."

In 1912 when our legislature determined it would provide for regular weekly payments to the injured employee, it also recognized the fact that in certain cases a lump sum settlement would be more helpful to the injured employee.

This purpose we recognized in *Harrington* v. *Department of Labor & Industry,* 252 Mich 87, 89, when we said:

"Compensation is not a private matter between employer and employee. The public is interested. The act declares a State policy that the burden of industrial accidental personal injuries shall be borne by the industries, not by the general public.

---

[6] See, specifically, section 8b, cited *supra* as CLS 1961 § 24.78b (Stat Ann 1961 Rev § 3.560[14b]).—Reporter.

To effectuate this policy, the act provides for frequent regular payments, weekly, not monthly, or quarterly, or annually. It opposes payments in gross or in lump sum, except in certain 'special circumstances.' "

To prevent hasty decision, the legislature provided that no final and binding agreement absolving the employer from all future liability could be entered into until six months had elapsed after the injury, and, to safeguard the employee against an unwise agreement, it provided that any such agreement must receive the approval of the referee and the appeal board.

For over 30 years between 1912 and 1943 there were many redemptions under section 22 and no one has claimed, nor no one can claim, that any of those redemptions were not a final settlement involving *all liability,* and no one could or did question the authority of the referee and appeal board to approve such settlements.

The portions of section 22 quoted above which control the right and scope of redemption have remained substantially intact, without amendment, from the date of enactment down to the present date. By PA 1935, No 148, the section was amended by adding requirements for the redemption procedure. This amendment was subsequently deleted *in toto* by PA 1943, No 245. Neither of these amendments in any way affected the above quoted portions of the statute now before this Court on this appeal.

We agree with the workmen's compensation appeal board's conclusion that to hold that the legislature only intended to permit a settlement of part of a compensation case while leaving the question of medical care unsolved, "would rob the section of all meaning and usefulness."

We cannot agree that by the mere enlargement, in 1943, of the employee's rights to medical care beyond six months, the legislature intended to take from the referee and the appeal board the right to approve a final settlement including medical benefits and that the legislature continued to so intend as amendments *re* medical and hospital benefits were made subsequent to 1943. If that had been the thought and desire of the legislature, the same would have been clearly and definitely expressed.

The expression from *Marks* v. *Otis Elevator Co.,* *supra,* that the payment of a lump sum in final settlement of all liability is not against public policy is evidently shared by the Michigan Chapter of the American Trial Lawyers Association, as evidenced by the following from its *amicus curiae* brief:

"In the instant case, there is no question that the parties intended to include medical benefits. The settlement herein exceeded the defendants' exposure for weekly payments by almost $2,850. The clear intention of the parties was to close out all of defendants' liability.

"As is well recognized, redemptions serve their most important function in allowing compromises of borderline or difficult cases. Every business man, every citizen, on occasion has a dispute or quarrel with someone else. Compromise is the lubricant that permits people to overcome interhuman frictions. No one knows better than lawyers about the cost of doing battle and the uncertainties incidental thereto. Almost all redemptions are compromises. The defendants' exposure is estimated in dollars and cents and the chances of the plaintiffs collecting all or part thereof by litigation are carefully weighed. The cost of past and future medical is included by the parties in computing the exposure. The compromise that extricates the plaintiff from a dangerous gamble, from the highly risky philosophy of 'winner take all,' is the redemption.

It would be unethical, unfair, indecent and wrong to now allow plaintiffs to obtain medical benefits which they previously bargained away at a redemption. Public policy should favor elimination of risk and gamble in litigation. In *Marks* v. *Otis Elevator Co.* 276 Mich 75, it was held that in workmen's compensation cases such compromises are not against public policy."

The International Union, UAW, does not share this view *in re* public policy, as shown by the following from its brief:

"The public policy is against lump sum payments and in favor of payments over a period of time. This presents a compelling justification for the legislative requirement that medical benefits be furnished when they are needed and that they cannot be redeemed in one lump sum. * * *

"Aside from the particular amount of speculation involved in medical benefits, there is a general policy in favor of any regular payments as opposed to a lump sum payment because an employee is more likely to dissipate his money when there is a lump sum payment."

The question as to what is best for the injured employee is a question to be answered by the legislature and not by this Court.

In several decisions we have considered the construction of an act by those designated to enforce it as an important fact to be considered by us in our determination of legislative intent and construction of the statute.[7]

The fact that repeatedly and consistently through the years, referees and appeal boards have construed the provision now under consideration in the

---

[7] *Wyandotte Savings Bank* v. *State Banking Commissioner,* 347 Mich 33; *Lorraine Cab* v. *City of Detroit,* 357 Mich 379; and *People* v. *Holbrook,* 373 Mich 94, 99.

·same way as the present appeal board has so construed it in this appeal, coupled with the additional ·fact that through these years the legislature has not objected to that construction, but, to the contrary, has given assent by its silence, causes us to conclude the appeal board did not err in entering the following order:

"It is ordered, that the decision of the hearing referee in this cause shall be and the same is hereby reversed and defendants' motion to dismiss is granted."

Affirmed. No costs.

Dethmers, Smith and O'Hara, JJ., concurred with Kelly, J.

Black, J., concurred in result.

Souris, J. (dissenting). On May 1, 1956, while in the employ of defendant W. E. Wood Company, Robert Lee Young suffered a compensable injury for which he received weekly compensation payments until September 6, 1957. On that day the workmen's compensation department entered the following redemption order:

"The agreement to redeem the employer's entire liability for an injury sustained by the plaintiff on 5-1-56 by a single payment in lieu of weekly payments having been considered by a hearing referee of the workmen's compensation department and it appearing that said agreement should be: approved;

"Therefore, it is ordered that *said agreement to redeem the employer's entire liability* FOR WEEKLY PAYMENTS herein by the payment of $15,000 be: approved;

"It is further ordered that said sum be paid as follows:

$2,500   directly to Carl Z. Millen, attorney(s) for plaintiff for all legal services rendered; including all expenses in connection therewith;

$ ..... directly to ...............................
        for medical expenses (specify type or none)

$12,500  directly to the plaintiff, being the balance;

"It is further ordered that defendant(s) shall also complete the payment of weekly compensation of $34 per week until September 6, 1957;

"It is further ordered that defendant shall pay the cost of the transcript of the hearing herein." (Emphasis added.)

The agreement to redeem liability, referred to in the redemption order, was signed by defendants and Robert Lee Young's then guardian on August 8, 1957, and reads as follows:

"Robert L. Young was an employee of W. E. Wood Co. and on or about 5–1–56 he received an injury arising out of and in the course of his employment and that as a result of such injury weekly payments have been made to (him) by the employer for not less than 6 months, and that: On 5–1–56 plaintiff sustained a fractured skull while working for defendant. Compensation has been paid to him at the rate of $34 per week, over that time. Plaintiff has been adjudged a mentally incompetent person and it is now the decision of the plaintiff through his legal guardian, Betty H. Crooks, to settle any claim which he may have against defendant pursuant to an order of the probate court in order to invest the proceeds in a home and income producing property which can be used for the plaintiff's support.

"(In the above space state fully the following facts: total amount of compensation paid to date, the present disability of the employee, the reasons

for desiring a redemption of liability, and the amount agreed to be paid upon approval of this agreement by the department.)

"Wherefore, it is agreed between the parties that the department may enter an order in this cause providing that the sum of $15,000 shall be forthwith paid by the employer to Betty H. Crooks, guardian of Robert L. Young, M. I. and that upon such payment the liability of the employer for the payment of compensation for said injury shall be redeemed in accordance with the first part of section 22 of part 2 of the workmen's compensation act."[1]

The agreement just quoted and the briefs filed on this appeal indicate that the parties agree that the redemption order was entered pursuant to the first clause of section 22 of part 2 of the workmen's compensation act. The opinion filed by the appeal board confirms that this is its view. Section 22 read in its entirety as follows, the clause relied upon as authority for the redemption order being italicized:

"Sec 22. *Whenever any weekly payment has been continued for not less than 6 months, the liability therefor may be redeemed by the payment of a lump sum by agreement of the parties, subject to the approval of the compensation commission,* and said compensation commission may at any time direct in any case, if special circumstances be found which in its judgment require the same, that the deferred payments due under this act be commuted on the present worth thereof at 5 per cent per annum to 1 or more lump sum payments, and that such payments shall be made by the employer or the insurance company carrying such risk, or commissioner of insurance, as the case may be." CL 1948, § 412.22 (Stat Ann 1960 Rev § 17.172).

---

[1] CL 1948, § 412.22 (Stat Ann 1960 Rev § 17.172).—REPORTER.

The instant dispute arose when plaintiff, successor guardian of Robert Lee Young, filed in April, 1960, an application for hearing and adjustment of claim, seeking, *inter alia,* payments for medical and hospital treatment of his ward. Plaintiff alleged that the workmen's compensation department had no authority, under section 22, to permit defendant to redeem its liability for medical services made necessary for plaintiff because of his injury. I agree.

The language of the statute is clear, and provides that with regard to any *"weekly payment,"* "liability *therefor* may be redeemed by the payment of a lump sum".[2] Thus, section 22 by express terms is authority only for redemption of weekly compensation payments.[3] Medical payments are not weekly payments[4] and, therefore, there is no statutory au-

[2] The redemption order is equally clear: "it is ordered that said agreement to redeem the employer's *entire liability for weekly payments* herein by payment of $15,000 be: approved;". (Emphasis added.)

[3] It might be well to note that the second clause of section 22, dealing with commutation of "deferred payments" is authority, as is the first clause, only for the redemption of weekly compensation payments. The distinction between the two clauses is that while under the first, the consent of both employer and employee must be obtained, under the second there is no need for the employer's consent to an order of the department, sought by an employee, that deferred payments be commuted to one or more lump sum payments. *McMullen* v. *Gavette Construction Co.* (1919), 207 Mich 586. And see *Anderson* v. *Clark Equipment Co.* (1936), 278 Mich 492, 497: "We have heretofore held that the line of demarcation between the two procedures is whether the settlement is made by approved agreement or by award on petition. [citing cases]"; *Grycan* v. *Ford Motor Co.* (1939), 291 Mich 241, 248: "Proceedings for the redemption of weekly payments, for *their* commutation under special circumstances, for the creation of a trust fund, or for the purchase of an annuity, are all subject to the approval of the department of labor and industry." (Emphasis added.) And see, currently, CL 1948, § 412.22, as amended by PA 1965, No 44 (Stat Ann 1965 Cum Supp § 17.172).

[4] The statutory section dealing with provision of medical services read thusly: "The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of his employment, reasonable medical, surgical and hospital services and medicines or other attendance or treatment recognized by the laws of this State as legal, when they are needed, for the first 6 months after the injury and thereafter for such additional 6

thority for their redemption.[5]

At least one of the briefs *amicus* filed in this case, on behalf of a group of workmen's compensation insurers, candidly admits that to permit redemption

month periods as the commission may in its discretion order. Such additional 6 month periods shall be granted only upon written request of the employee to the commission for each period and after the employer or his insurer has been given an opportunity to file objections thereto and to be heard thereon. The employer shall also supply to such injured employee dental service, crutches, artificial limbs, eyes, teeth, eye glasses, hearing apparatus and such other appliances as may be necessary to cure, so far as reasonably possible, and relieve from the effects of the injury. If the employer shall fail, neglect or refuse so to do such employee shall be reimbursed for the reasonable expense incurred by or on his behalf in providing the same, by an award of the commission." CLS 1961, § 412.4 (Stat Ann 1960 Rev § 17.154). See, currently, CLS 1961, § 412.4, as amended by PA 1965, No 44 (Stat Ann 1965 Cum Supp §§ 17.154, 17.154[1]). That such "services and medicines * * * attendance or treatment" are not the "weekly payments", referred to in section 22 as redeemable, is obvious.

[5] Since there exists no statutory authority for redemption of an employer's liability to provide medical benefits, the consideration, in Mr. Justice KELLY'S opinion and in briefs filed in this case, of the intention of the parties with regard to such redemption, namely, that all parties intended that liability for medical services be redeemed, is irrelevant. The issue having been raised by Justice KELLY, it may be well to note that the *record* in this case of Wehmeier does not persuasively support a finding that the parties intended that liability for medical services be redeemed.

(1) It is said that because the settlement for $15,000 exceeded by some $2,850 the present worth of the employer's exposure to liability, it follows that the employer must have intended that liability for future medical services be redeemed also, else it would never have agreed to such "excessive" payment. But this is based upon the assumption of the employer that as of the date of redemption, September 6, 1957, it had at most a liability for 431 more weeks of payment at $34 per week. As a matter of fact, however, Mr. Young had been adjudged mentally incompetent by the Wayne county probate court on August 1, 1956. Thus there was a strong likelihood that Mr. Young would have been found by the department to be totally and permanently disabled, in which case defendant's liability for weekly payments instead of extending for only 431 weeks, could have extended for the rest of the life of this employee who was 38 years old at the time of his injury in 1956. CLS 1961, §§ 412.9, 412.10 (Stat Ann 1960 Rev §§ 17.159, 17.160). Redemption of medical payments aside, defendant employer got a bargain.

(2) At the redemption hearing held on August 12, 1957, the then guardian of Mr. Young was not present. The attorney representing the guardian was present, as were Mr. Young and his alleged wife (see *Young* v. *Wehmeier* [1963], 369 Mich 110; *In re Young Estate* [1965], 376 Mich 106), the latter of whom was also represented by the guardian's attorney. The brief discussion concerning the scope

of medical benefits under section 22 this Court would have to construe the statutory language to mean other than that which it explicitly provides:

"So the question is, whether the words 'weekly payment' are to be construed literally, as not includ-

of the proposed redemption centered on the rights of the alleged wife:

"*Mr. Jones:* Mrs. Young, you appreciate, I assume, that presuming this settlement receives the approval of the commission, and the money is paid to Mrs. Crooks as guardian, that should something unforeseen happen to your husband as a result of this injury that he has received, that any benefits that you might also have had under the compensation law are also wiped out by this settlement: you understand that?

"*A.* Yes, I understand that.

"*Mr. Jones:* You know you wouldn't be entitled to any benefits as his widow in the event this settlement is approved, any benefit by the week?

"*A.* You mean probate court?

"*Mr. Jones:* No, the weekly benefit that he is—strike that.

"Under the compensation law, should something happen to your husband and he should die, you, as a widow, would be entitled to weekly benefits for a period of time, providing you could establish that the death was a result of the injuries received. Now, by doing it this way and getting this lump sum, if anything should happen to your husband, that closes out any rights you may have there also; do you understand that?

"*The Referee:* Any rights to compensation.

"*Mr. Jones:* Any rights to compensation.

"*A.* Oh, I understand that."

There is no intimation in the hearing record that it was intended that liability for medical services be redeemed.

(3) The referee who handled the redemption in 1957 also heard the later application for provision of medical services to Mr. Young and held, in April, 1961, that "the redemption order entered herein on September 6, 1957 *(sic)* had no affect *(sic)* on defendants *(sic)* liability to provide medical care under section 4 of part 2 of the workmen's compensation act." Thus the official who was present at the hearing which resulted in the redemption order concluded that the order did not absolve defendants from liability to provide medical services for Mr. Young.

(4) Finally, how can it be argued persuasively that the parties intended to redeem any conceivable liability of defendants to plaintiff when the redemption order itself said, in language as free of ambiguity as any I have seen, that what was being approved by the order was an agreement to redeem the employer's "entire liability for weekly payments". Had the parties intended that liability for medical services was also to be redeemed (which services, in defendant's view, are one of the most economically significant liabilities to which employers are exposed under the act), one would expect that they would have sought explicit recognition of this fact in the redemption order. They did not.

ing medical benefits, so that the liablity 'therefore' which can be redeemed does not include such benefits.  *  *  *

"In other words, is the redemption statute to be construed to mean that 'whenever any weekly payment has been continued for not less than six months, the liability [*for such weekly payments*] may be redeemed.'

"Or is it to be construed to mean that 'whenever any weekly payment has been continued for not less than six months, the liability [*under this act*] may be redeemed.'"

Despite the lack of ambiguity in the legislature's language, it nonetheless is argued that an approved redemption agreement under section 22 ends an employer's entire liability, including liability for medical services. Thus, Mr. Justice KELLY cites *Catina v. Hudson Motor Car Co.* (1935), 272 Mich 377, and *Marks v. Otis Elevator Co.* (1936), 276 Mich 75, both of which contain language to the effect that an approved redemption agreement terminates any further liability on the part of the employer. This was quite true *at the time of those decisions,* for then an employer was required to furnish medical services for no more than 90 days,[6] while a redemption agreement could not be entered into until at least six months after the injury. Thus, when *Catina* and *Marks* were decided, an approved redemption agreement did end all liability with regard to payments which would otherwise have come due after the redemption date. Such is not the case now, when an employer may be required to furnish medical services for the rest of an employee's life. CLS 1961, § 412.4, as amended by PA 1965, No 44 (Stat Ann 1965 Cum Supp § 17.154). Nor has such

---

6 Originally medical services were required to be furnished for three weeks; by the time of the *Catina* and *Marks Cases* this requirement had been extended to 90 days. PA 1912 (1st Ex Sess), No 10; PA 1919, No 64.

been the case since 1943, when the legislature first provided that an employer might be required to furnish medical services to an injured employee for a period extending beyond six months from the date of his injury. PA 1943, No 245.

Since 1943, the workmen's compensation department has continued to regard redemption agreements as absolving an employer not only from liability for further weekly payments, but also from liability for further medical payments. It is argued that this extended administrative implementation of section 22 requires that we approve the statutory interpretation upon which that implementation has been founded. This is a case where an administrative agency has acted contrary to unambiguous statutory language. It is our duty to uphold the law, and its continued violation by an agency of the State does not seem to me to mandate our departure from this course. See *People* v. *Holbrook* (1964), 373 Mich 94, where the Court was not so moved by a considerable history of administrative disregard of explicit statutory commands as to give an unlawful practice its imprimature.

It is argued that because the department submitted its Rule 9 (1959 AACS, § R 408.39) to the legislature,[7] and the legislature took no action with regard to such rule, the legislature in effect silently amended section 22 to permit redemption of liability for medical benefits even while leaving unchanged the language which limits redemption to weekly benefits. Rule 9 reads:

"Any agreement to redeem the liability of the insurer or self-insured employer must be submitted

----

[7] See CLS 1961, §§ 24.78b, 24.78c (Stat Ann 1961 Rev §§ 3.560 [14b], 3.560[14c]).

on form R.E.D. The agreement must be accompanied by a report from a licensed physician approved by the employee giving in detail the findings of a recent examination."

Presumably, in defendants' view, the legislature should have inferred from the requirement that there be a medical examination of the employee in connection with an agreement to redeem, that the agreement might therefore terminate the employer's liability for medical benefits. But the legislature might also have assumed that the requirement of a medical examination was to determine precisely questions such as the nature of a specific loss, or whether disability is partial, total, or total and permanent, all of which have a bearing on the benefits to which an employee is entitled, and all of which would, therefore, be of legitimate concern to the department in determining whether a redemption agreement should be approved. This State views with disfavor any attempt to alter or amend statutes by implication, see 1963 Const, art 4, § 25 and its predecessors. Yet here we are being asked to say that unambiguous legislative language, namely, that redemption agreements may cover only weekly compensation payments, has been impliedly amended, without change in the language, not by a subsequent legislative act but by a legislative failure to act in the face of the ambiguous language of the department's Rule 9. If we were to concede this, no longer would the legislature be the sole repository of legislative power.

It is argued also that unless a redemption agreement ended liability for medical services as well as for weekly compensation, no employer ever would consent to such an agreement. However that may be, it is not relevant to the case now before us. The legislature provided for redemption of weekly com-

pensation payments; medical services are not such payments; therefore, there is no statutory authorization for redemption of liability for medical services. As the appeal board preached, but did not practice, in this case of Wehmeier, "We believe that we have no moral or legal right to adjust the statute so as to make it fit the case."

The award should be reversed and the case remanded. Costs to plaintiff.

T. M. KAVANAGH, C. J., and ADAMS, J., concurred with SOURIS, J.